UNITED STATES of America, Plaintiff–Appellee,

v.

Calvin DAYEA, Defendant–Appellant.

No. 95–10007.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 1995.

Decided Dec. 11, 1995.

Sally Schneider Duncan, Assistant Federal Public Defender, Phoenix, Arizona, for defendant-appellant.

Elizabeth M. Overholt, Assistant United States Attorney, Phoenix, Arizona, for plaintiff-appellee.

Before: NORRIS, BEEZER, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Calvin Dayea appeals an award of restitution granted to Mrs. Susan Zesiger, the widow of Sgt. David Zesiger, an Arizona police officer killed while on duty by Dayea's drunken driving. We reverse the district court's restitution order in favor of Mrs. Zesiger because, although she lost more from Dayea's crime than any court order could ever replace, we conclude that she was not eligible under the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663, for the particular kind of lost income restitution the court awarded.[1]

We have jurisdiction over this timely appeal under 18 U.S.C. § 3742. We review the legality of a restitution order *de novo*. *United States v. Baker*, 25 F.3d 1452, 1454 n. 1 (9th Cir.1994).

## I

On July 3, 1992, Dayea crossed the center line of Arizona State Route 260 in the White Mountain Apache Reservation while driving under the influence of alcohol. He crashed into two oncoming vehicles, seriously injuring one person and killing Sgt. Zesiger. Dayea pled guilty to one count of involuntary manslaughter and one count of aggravated assault resulting in serious bodily injury. The court increased Dayea's base offense level by four and departed upward two levels. It sentenced Dayea to fifty-one months in prison, followed by sixty months of supervised release for the aggravated assault. The court also imposed a thirty-six month concurrent sentence for the involuntary manslaughter.

In addition, the court ordered Dayea to pay restitution, calculating that the appropriate total amount should be $165,252.54. This figure included an $88,000 loss of income to Sgt. Zesiger's family, a $4600 loss to Arizona for expediting Sgt. Zesiger's retirement package, and a $13,595.43 loss to Arizona for damage to the Department of Public Safety vehicle Zesiger had been driving. This restitution figure also included an amount to cover the increased health insurance costs Mrs. Zesiger incurred due to loss of coverage through her husband.[2]

The court found that Dayea would be unable to pay the full amount of $165,252.54. It therefore ordered Dayea to pay only $18,000 in restitution directly to Mrs. Zesiger.

Dayea appealed, arguing that the four-level increase and the two-level upward departure were improper. He did not appeal the restitution order. The Ninth Circuit agreed with Dayea's arguments and remanded for resentencing. *United States v. Dayea*, 32 F.3d 1377, 1382 (9th Cir.1994).

At the resentencing hearing, Dayea argued that the court erred in imposing restitution

---

1. We note in passing that the VWPA may not be long for this world. In February, 1995, the House passed the Victim Restitution Act of 1995, H.R. 665, 104th Cong., 1st Sess. (1995). The Senate is currently considering this bill.

2. Mrs. Zesiger, for whom one can only have great sympathy, suffers from a serious heart condition brought on by a near-death episode caused by toxic shock. She was able to continue coverage with her husband's insurer after his death, but only at a non-group rate fitted to her medical condition. Her premium costs rose from $75 per month to $810.96 per month, effectively a loss of $735.96 per month.

which included consequential damages to Sgt. Zesiger's widow. The sentencing court rejected this argument and confirmed its award of $18,000 payable directly to her.

## II

In this appeal, Dayea argues: 1) that Mrs. Zesiger is not entitled to restitution because she is not a "victim of the offense of conviction" under the VWPA, *see Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), and 2) the district court erred by including increased insurance costs when calculating restitution because the VWPA does not authorize restitution for "consequential" damages. We need not directly resolve these questions because, regardless of whether Mrs. Zesiger could qualify as a "victim of the offense of conviction" under the Act or whether her losses were "consequential," she did not suffer bodily injury and therefore was not eligible for restitution under the VWPA for the losses the court cited as the basis of its order.

■ A court may only award restitution as specifically authorized by the VWPA in 18 U.S.C. § 3663. *United States v. Hicks,* 997 F.2d 594, 600–01 (9th Cir.1993) (reversing restitution order compensating for cost of psychological counseling because crime victims had not suffered bodily injury necessary to qualify for restitution under § 3663(b)(2)). This Act is not the equivalent of a wrongful death statute under which very broad recovery is permitted. Section 3663(b) lists both who may receive restitution and the kinds of losses which an award may compensate. *Id.* These listings define the limits of restitution that may be ordered.

The court ordered restitution as partial compensation for loss of Sgt. Zesiger's salary and for his widow's increased insurance costs. We assume that, in the context of the VWPA, these losses may best be categorized as lost income.

The VWPA authorizes restitution for lost income in two circumstances: where a victim has suffered bodily injury, § 3663(b)(2); or where the victim incurs expenses "related to participation in the investigation or prosecution of the offense or attendance at proceed-

ings related to the offense," § 3663(b)(4). Only the former circumstance is relevant to the order on appeal.

Section 3663(b)(2) provides that a court may order a defendant

(2) in the case of an offense resulting in bodily injury to a victim . . .

(A) [to] pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(B) [to] pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

(C) [to] reimburse the victim for income lost by such victim as a result of such offense . . .

■ Section 3663(b)(2) limits its own applicability to cases in which the offense caused bodily injury to "a victim." In such cases, a court may order the defendant to "reimburse *the* victim for income lost by such victim as a result of such offense." Section 3663(b)(2)(C). This use of the phrase "the victim" (as opposed, for instance, to "any victim") indicates that "the victim" of § 3663(b)(2)(C) must refer to the same "victim" as the first clause of § 3663(b)(2). Therefore, to be eligible for lost income compensation under § 3663(b)(2), a victim must personally suffer bodily injury.

The government, citing *United States v. Smith,* 944 F.2d 618 (9th Cir.1991), *cert. denied,* 503 U.S. 951, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1991), argues that of course Mrs. Zesiger is a "victim" under § 3663(a)(1) of the Act, and that, as such, she should be compensated for the measurable loss she suffered due to Dayea's crime. *Smith* and similar cases, such as *United States v. Baker,* 25 F.3d 1452 (9th Cir.1994), however, merely stand for the proposition that an entity not itself a "direct" victim of the offense of conviction but standing in the legal shoes of a victim under the Act—such as FSLIC in the event of a collapse by an insured savings and

loan association—may qualify for an award of restitution.

The government advances sound policy reasons for the result it seeks, but, as the Supreme Court pointed out in *Hughey*, good policy reasons are not enough to carry the day. *Hughey*, 495 U.S. at 421–22, 110 S.Ct. at 1985–86. The "language of the statute itself" controls, *id.* at 415, 110 S.Ct. at 1982, and that language does not make room for the award we review in this case. *See* 18 U.S.C. § 3663(b)(2). As we said in *Hicks*,

> [A] court may only award restitution for the categories enumerated in section 3663. The cost of psychological counseling can be included in a restitution order only when the victim has suffered physical injury. Here, no IRS employee suffered physical injury. Thus, the inclusion of the cost of counseling in the restitution order was erroneous.

997 F.2d at 601 (footnote omitted). *See United States v. Mullins*, 971 F.2d 1138, 1146–47 (4th Cir.1992) ("An order of restitution under the VWPA must conform to the specific type and amount of award that is authorized by the plain language of the statute.") (citations omitted).

■ Because Ms. Zesiger did not suffer bodily injury from Dayea's involuntary manslaughter of her husband, we must reverse the court's restitution order. Our decision to reverse this particular order does not mean that *no* restitution is appropriate in this case. At resentencing, the court may find it appropriate to order restitution for any victims who have suffered losses compensable under § 3663. We therefore remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**