**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timmy CLIATT, Defendant–Appellant.**

**No. 02–10458.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2003.

Filed Aug. 11, 2003.

Pamela J. Byrne, Assistant Federal Defender, Honolulu, HI, for the defendant-appellant.

Leslie E. Osborne, Jr., and Craig H. Nakamura, Assistant United States Attorneys, Honolulu, HI, for the plaintiff-appellee.

Before: GRABER, WARDLAW, and BYBEE, Circuit Judges.

GRABER, Circuit Judge:

Defendant Timmy Cliatt pleaded guilty to the attempted voluntary manslaughter of his wife, who was an active-duty member of the United States Army. As a result of the injuries she sustained in the attack by her husband, Ms. Cliatt received medical care, which was given free of charge because of her military service.

In addition to sentencing Defendant to a term of incarceration and supervised release, the district court ordered restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, to the Tripler Army Medical Center ("Tripler"), which had treated Ms. Cliatt. Defendant appeals only the imposition of restitution. We hold that, under the MVRA, a district court properly orders restitution to be paid to a third party when that party bears the cost of providing necessary medical care to a victim of a covered offense who suffered bodily injury as a result of the offense. Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On November 12, 2001, Defendant repeatedly stabbed his wife with a large knife, nearly killing her. On the day of the attack, Ms. Cliatt received treatment, including emergency surgery to repair her severed right jugular vein, at the civilian Queen's Medical Center. Later she was transferred to Tripler, where she obtained further services, including additional surgery, occupational therapy, plastic surgery, and mental health treatment. Her treatment generated $22,609.36 in expenses for Tripler. Because she was an active-duty member of the United States Army, Ms.

Cliatt received her medical care free of charge.[1]

Defendant pleaded guilty to attempted voluntary manslaughter, in violation of 18 U.S.C. §§ 7, 1112, and 1113. The district court sentenced him to 41 months' incarceration, to be followed by three years of supervised release.

In addition, Tripler sought restitution under the MVRA. Following a lengthy sentencing hearing dedicated to the question of restitution, the district court held that Tripler was a "victim" under the MVRA and, thus, was entitled to mandatory restitution. The district court sentenced Defendant to $26,130.26 in restitution payable to Tripler.[2] Defendant brought this timely appeal challenging that award.

## STANDARD OF REVIEW

■ We review de novo the legality of a restitution order. *United States v. Hackett*, 311 F.3d 989, 991 (9th Cir.2002).

## DISCUSSION

The district court justified its award of restitution on the theory that Tripler was itself a victim of Defendant's criminal act. We need not address the soundness of that holding, because Tripler is entitled to restitution under the MVRA whether or not it was a victim. Accordingly, we may affirm on this alternate ground not relied upon by the district court. *Massachusetts Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479, 481, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976).

---

1. The medical care provided by Queen's Medical Center was paid for by TRICARE, the medical insurance program provided by the United States to active-duty members of the military. *See* 32 C.F.R. §§ 199.1(r), 199.17.

2. This amount included both Tripler's expenses and the costs of the Queen's Medical Center care covered by TRICARE. Defendant does not challenge the amount of restitution, as distinct from its awardability.

A. *The MVRA requires restitution to a party that pays a victim's necessary medical expenses in the first instance.*

 The MVRA requires that, for certain classes of crimes, the district court order the defendant to pay restitution. Four predicates for such restitution are undisputed in this case:

1. The MVRA covers Defendant's conviction for attempted voluntary manslaughter. *See* 18 U.S.C. § 3663A(c)(1)(B) ("This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense ... in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.").

2. Ms. Cliatt is a "victim" within the meaning of the MVRA, because she is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663A(a)(2).

3. The offense resulted in bodily injury to the victim.

4. That bodily injury resulted in necessary medical and related professional services and necessary physical and occupational therapy and rehabilitation.

If Ms. Cliatt had been responsible to pay for her own care, the restitution award obviously would be proper. The wrinkle here is that, because she was in the Army, Ms. Cliatt did not have to pay any of her own medical expenses. This wrinkle need not detain us long, however, because the drafters of the MVRA envisioned, and expressly provided for, a scenario in which the physical victim of a covered crime is not the one who suffers the financial consequences.

In the case of an offense resulting in bodily injury to a victim, the defendant must:

(A) *pay an amount equal to the cost* of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(B) *pay an amount equal to the cost* of necessary physical and occupational therapy and rehabilitation; and

(C) reimburse the victim for income lost by such victim as a result of such offense[.]

*Id.* § 3663A(b)(2) (emphasis added).

The emphasized text is important, because it is carefully worded to require a defendant to "pay an amount equal to the cost" of necessary medical and similar care, *id.* § 3663A(b)(2)(A), (B)—not, for example, to "reimburse the cost incurred by the victim" for medical and similar care. This wording expresses Congress' intention that a defendant must, in every case involving bodily injury, pay what it costs to care for the victim, whether or not the victim paid for the care or was obligated to do so. By contrast, with respect to restitution for wages, Congress required the victim himself or herself to show actual losses. There, Congress chose the verb "reimburse," rather than "pay," and specified that it was the victim who had to have "lost" the income. *Id.* § 3663A(b)(2)(C). We must give effect to these distinctions. *See Solomon v. Interior Reg'l Hous. Auth.,* 313 F.3d 1194, 1199 (9th Cir.2002) ("When Congress includes a provision in one part of a statute but excludes it in another, we deem the difference intentional and assign meaning to the omission."). We conclude that, under 18 U.S.C. § 3663A(b)(2), when the covered offense resulted in bodily injury to a victim, the court must require the defendant to "pay an amount equal to the cost" of necessary medical and similar care rendered to the victim.

Our conclusion is bolstered by our analysis in *United States v. Follet,* 269 F.3d 996 (9th Cir.2001). There, we examined the interaction between 18 U.S.C. § 3664 [3] and the statute creating the right to restitution in *that* case, 18 U.S.C. § 2248. *Follet,* 269 F.3d at 999–1000. Specifically, we looked to the precise terms of § 2248, which states that " 'any costs *incurred by the victim* ' " are subject to restitution orders. *Id.* (quoting 18 U.S.C. § 2248(b)(3)). We reasoned that, because a cost for which the victim will never have to pay is not "incurred" by the victim, such costs are not reimbursable under § 2248. *Id.* at 1000. We applied the same analysis to § 2248(b)(1); it refers to the "amount of the victim's losses," which is defined in § 2248(b)(3) as "any costs incurred by the victim." *Id.*

We acknowledged in *Follet* that other statutory provisions (including § 3663A) are more expansive in their award of restitution:

> That this particular restitution provision limits the restitution that can be ordered to the cost of services the victim has some individual obligation to pay for (even if someone else has an obligation *to the victim* to reimburse her for that cost) is all the more clear in light of the fact that the language used appears to have been carefully chosen. Other restitution provisions use different language, and may well—we have found no case law on the question—permit orders of restitution to governmental or charitable institutions that provide covered services to the victim.

... [I]n defining the appropriate amount of a restitution order, § 3663 permits courts to order not the costs incurred by the victim but "an amount *equal to the cost of necessary ... psychological care.*" § 3663(b)(2)(A) (emphasis added); *see also* § 3663A(b)(2)(A) (same language). That locution, unlike the pertinent phrase in § 2248, appears clearly to allow restitution to reflect the value of services provided, no matter who is obligated to pay for them.

*Id.* at 1000–01 (second omission in original).

To summarize, subparagraphs (A) and (B) of § 3663A(b)(2) require restitution "to reflect the value of services provided, no matter who is obligated to pay for them." *Id.* at 1001. Nothing in § 3664 detracts from that conclusion.

Under § 3664, the court must order restitution to be paid directly to an insurer (or other source of compensation) if there is a "victim" within the meaning of the MVRA and if the third party compensated the victim for some or all of the victim's loss. 18 U.S.C. § 3664(j)(1). Defendant argues that Tripler is not entitled to restitution under this provision because Ms. Cliatt did not suffer a "loss" as the text requires. He reasons that, because Ms. Cliatt was in the armed forces, the treatment for her wounds was provided free of charge. Thus, Defendant suggests, Ms. Cliatt did not suffer any "loss" and, a fortiori, Tripler did not "compensate" her (and is not eligible for restitution) under § 3664(j)(1).

---

**3.** Title 18 U.S.C. § 3664(j)(1) provides:

If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

The MVRA states that an order of restitution issued under its provisions "shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663A(d).

The insurmountable difficulty with this argument is that it presupposes that § 3664 sets substantive standards for an award of restitution. It does not. As we observed in *Follet*, "the third-party restitution provisions of § 3664 ... cannot trump" the substantive restitution provisions found elsewhere in the statutes, because § 3664 is only a procedural mechanism. 269 F.3d at 1000. Although that case involved a proposed expansion of the relevant restitution provision, the same logic applies where, as here, Defendant proposes to contract the relevant restitution provision. Under § 3663A, restitution to cover Ms. Cliatt's necessary medical expenses is mandatory; § 3664 cannot erase that requirement. At most, if its procedure did not apply, the court would have to order the restitution paid to Ms. Cliatt, from whom Tripler then could recover it.

But we do not read § 3664 to require that roundabout procedure. Section 3663A defines the "loss" to which § 3664 refers to include every situation in which there is a victim whose crime-caused bodily injuries create a cost of care.

As a benefit of her employment as a member of the armed services, Ms. Cliatt received medical care without incurring an obligation to pay for it. Her position is, however, essentially the same as that of any employed person who carries first-party medical insurance. If a person who has health insurance benefits is attacked and requires hospitalization, the fact that his insurance carrier pays the hospital directly could not mean that he suffers no "loss" and that his insurance company is not entitled to restitution under § 3664(j)(1). Such a reading would eliminate the utility of § 3664(j)(1) and would read out of the statute the express provision that insurance paid losses are subject to its procedures. We construe statutes so as to make all provisions meaningful if

possible. *See Beck v. Prupis*, 529 U.S. 494, 506, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000) (noting the "longstanding canon of statutory construction that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous"). The presence of insurance, then, does not detract from the fact that the *victim* suffered the loss, even if someone else paid for it financially, and even if that someone else is the United States.

Here, Ms. Cliatt suffered a "loss" equal to the amount of her medical and similar expenses. Her personal injuries generated the expenses. Functionally, under this statutory scheme, she thereby incurred those expenses as a loss and received compensation by way of the government's payments for her care.

Our conclusion is consistent with that of a sister circuit in an analogous case. In *United States v. Malpeso*, 126 F.3d 92 (2d Cir.1997), the Second Circuit interpreted the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3363. The court concluded that the victim of the defendant's extortionist threats had suffered a "loss" equal to the amount of money it cost to relocate him and his family, even though it was the FBI that had paid all the expenses of relocation:

> If [the victim] had paid the costs of relocating himself and his family, which he was not financially able to do, the costs would have been a compensable loss, under § 3663(b)(4), as "necessary" transportation and other expenses "related to [his] participation in the investigation or prosecution of the offense" [the equivalent standard in the VWPA to the MVRA's "necessary medical and related professional services" standard].
>
> ... [A]s noted, the VWPA authorizes sentencing courts to order restitution to third parties that compensate victims for their losses. 18 U.S.C. § 3663(e)(1)

(1994). The FBI qualifies as a "person who has compensated the victim." *Malpeso*, 126 F.3d at 94–95. Despite the fact that the victim in *Malpeso* never actually had to pay any of the expenses of his relocation, the Second Circuit held that he had suffered a loss because the defendant's criminal act generated expenses for the victim. Even though the FBI paid all of the expenses in the first instance, that expenditure by the FBI was "compensation" to the victim. *Id.*

Similarly, in *United States v. Miguel*, 49 F.3d 505(9th Cir.1995), we considered the scope of the VWPA in a misdemeanor assault case. We assumed in our discussion that a workers' compensation program, which had paid directly for medical expenses in connection with the victim's bodily injuries, was properly viewed as having compensated the victim for his loss suffered as a result of the defendant's assault. That the victim never actually paid his expenses did not mean that they were not properly attributable as the *victim's* loss.

To summarize, Defendant's crime caused bodily injury to his victim and resulted in necessary medical care. Title 18 U.S.C. § 3663A mandates that Defendant pay an amount equal to the cost of providing such care. The financial burden of providing that care was borne by Tripler. Accordingly, Tripler is entitled to receive the restitution directly.

B. *The Federal Medical Care Recovery Act is not the exclusive remedy available to Tripler.*

■ Defendant argues that the existence of the Federal Medical Care Recovery Act ("FMCRA"), 42 U.S.C. § 2651, demonstrates Congress' intent that a party in Tripler's position not be able to obtain restitution under the MVRA. The FMCRA, which was enacted in 1962, provides:

In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover . . . from said third person. . . .

42 U.S.C. § 2651(a). Defendant argues that the MVRA would be redundant if read to include restitution to federal governmental bodies and that Congress had already provided for third-party recovery.

We are not persuaded, for two reasons. First, and most important, nothing in the text of the FMCRA states, or hints, that its provisions are the exclusive means by which the United States may obtain reimbursement. Even if the end result (the United States is reimbursed) is the same, one path to reimbursement does not necessarily foreclose the other.

Second, the two statutes have different purposes. The FMCRA is a federal tort statute, which authorizes the United States to bring a civil action. The MVRA mandates the imposition of restitution as an additional criminal penalty to be imposed on a convicted defendant. Congress made clear its intent that the restitution required by the MVRA be a part of the criminal sentence and that holding defendants responsible for their actions is more important than the actual payment of restitution. *See* S.Rep. No. 104–179, at 18 (1995), *reprinted in* 1996 U.S.C.C.A.N. 924, 931. The FMCRA does not share the MVRA's focus on penological interests.

C. *The MVRA is constitutional.*

Defendant concedes that we are bound by our holding in *United States v. Dubose*,

146 F.3d 1141 (9th Cir.1998), that the MVRA does not violate the principle of equal protection. He argues nonetheless that the MVRA is unconstitutional on equal protection grounds, both facially and as applied to him. *Dubose* is binding precedent that requires us to reject Defendant's claim.

### CONCLUSION

The district court properly required Defendant to pay restitution to Tripler. When the victim of a crime enumerated in the MVRA suffers bodily injury, and when the United States government covers her necessary medical expenses as a benefit of her military employment, 18 U.S.C. § 3663A requires that the defendant pay an amount equal to the cost of her care and 18 U.S.C. § 3664 requires that the restitution be paid directly to the government.

AFFIRMED.