**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 03-4492**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL RAY MCNEIL, JR.,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-02-98)

―――――――――

Submitted: March 23, 2005               Decided: May 4, 2005

―――――――――

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Dennis H. Sullivan, Jr., THE SULLIVAN LAW FIRM, P.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carl Ray McNeil, Jr., appeals his convictions and 447 month sentence for possession of a firearm as a convicted felon and use of a firearm in the commission of a felony, in violation of 18 U.S.C. §§ 922, 924 (2000). Finding no error, we affirm.[*]

McNeil first claims that the district court erred in its determination that he is an armed career criminal. Criminal defendants may waive their statutory right to direct appeal as part of a plea agreement with the government. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). For a waiver to be effective, the plea agreement must be entered into knowingly and voluntarily, and the district court must specifically inquire as to the defendant's knowledge of the waiver provision. Id. Our review of the plea colloquy indicates that it was conducted in compliance with Fed. R. Crim. P. 11, that McNeil entered his plea knowingly and voluntarily, and that the district court apprised him of the appellate waiver provision. Accordingly, we conclude that the terms of the plea agreement are enforceable against McNeil and preclude his claim with respect to his status as an armed career criminal.

---

[*]McNeil has not raised a claim under either United States v. Booker, 125 S. Ct. 738 (2005), or Blakely v. Washington, 124 S. Ct. 2531 (2004). Thus, he has waived review of any claim that his sentence was improper in light of Booker or Blakely.

McNeil next assigns error to the district court's two-level upward departure on the basis of extreme psychological injury and conduct. This claim was not precluded by the appellate waiver. We review a district court's decision to depart from the Sentencing Guidelines range for an abuse of discretion. Koon v. United States, 518 U.S. 81, 100 (1996); see also United States v. Rybicki, 96 F.3d 754, 757 (4th Cir. 1996). A district court may depart from a guideline range if it identifies a factor that is an encouraged basis for departure and is not taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997). The sentencing guidelines list as bases for departure "extreme psychological injury" and "extreme conduct." U.S. Sentencing Guidelines Manual §§ 5K2.3 & 5K2.8 (2001). Our review of the record demonstrates both that Deputy Eric Bryan suffered such psychological injury not otherwise accounted for by the guidelines and that McNeil's conduct was extreme within the meaning of the guidelines. Accordingly, we conclude the district court did not abuse its discretion in departing upward under the sentencing guidelines.

In his final claim, McNeil argues the district court erred in awarding restitution to his victim, Deputy Bryan, North Carolina Victim/Witness Services, and the relevant workers' compensation insurance carrier. The Government argues the claim is waived by the terms of its plea agreement. We disagree, because

neither the plea agreement nor the record of McNeil's plea colloquy discloses any discussion of a waiver of appellate rights with regard to a restitution order. Accordingly, we consider the claim on its merits.

Under the Mandatory Victims Restitution Act ("MVRA"), the district court may order a defendant to pay restitution to any victim of an offense of conviction. See 18 U.S.C. § 3663A(a)(1) (2000); U.S. v. Newsome, 322 F.3d 328, 340 (4th Cir. 2003) (observing authority of district court to order restitution for "all identifiable victims"). An individual is a victim under § 3663A if he is "a person directly or proximately harmed as a result of the commission of an offense." § 3663(a)(2). This includes third parties otherwise responsible for the costs of assisting a principal victim. See United States v. Johnson, ___ F.3d ___, 2005 WL 526889 (4th Cir. Mar. 8, 2005) (citing United States v. Cliatt, 338 F.3d 1089 (9th Cir. 2003)). We conclude that the district court's order of restitution falls squarely within the scope and the intent of the MVRA. Accordingly, we deny this final claim.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -