ABARCÓN, Senior Circuit Judge,
dissenting in part:
I disagree with the my colleagues’ conclusion that restitution to the CVCP is appropriate here. I would hold that a restitution award for lost income must be paid to the victim of the crime, not to a third party, pursuant to 18 U.S.C. § 3663A(b)(2)(C).
*1177 “A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory framework. Factual findings supporting an order of restitution are reviewed for clear error. The legality of an order of restitution is reviewed de novo.” United States v. Gordon, 393 F.3d 1044, 1051 (9th Cir.2004) (quoting United States v. Stoddard, 150 F.3d 1140, 1147 (9th Cir.1998)).
“Federal courts have no inherent power to award restitution, but may do so only pursuant to statutory authority.” United States v. Follet, 269 F.3d 996, 998 (9th Cir.2001) (citing United States v. Hicks, 997 F.2d 594, 600 (9th Cir.1993)). “The courts have such authority under the Victim and Witness Protection Act of 1982 (“VWPA”), providing for discretionary awards of restitution after conviction for certain crimes, 18 U.S.C. § 3663, and under the Mandatory Victims Restitution Act of 1996 (“MVRA”), providing for mandatory restitution for crimes of violence and property offenses, 18 U.S.C. § 3663A.”[1] Id.
“ ‘[T]he starting point for interpreting a statute is the language of the statute itself.’ ” United States v. Hackett, 311 F.3d 989, 991-92 (9th Cir.2002) (quoting Consumer Prod. Safety Comm’n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980)). “Absent congressional direction to the contrary, words in statutes are to be construed according to ‘their ordinary, contemporary, common meaning[s]’ ” Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).
Section 3663A(a)(l) and (2) provide as follows:
(a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim’s estate.
(2) For the purposes of this section, the term “victim” means a person directly and proximately harmed as a result of the commission of an offense for lohich restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant’s criminal conduct in the course of the scheme, conspiracy, or pattern. In the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim’s estate, another family member, or any other person appointed as suitable by the court, may assume the victim’s rights under this section, but in no event shall the defendant be named as such representative or guardian.
18 U.S.C. § 3663A(a)(l)-(2). (emphasis added).
Section 3663A(b)(2) provides that in the case of an offense resulting in bodily injury to a victim the restitution order shall require that defendant:
(A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
*1178 (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
(C) reimburse the victim for income lost by such victim as a result of such offense.
18 U.S.C. § 3663A(b)(2)(A)-(C).
Section 3663A(b)(2)(A) and (B) does not specify that restitution must be made to the victim. In Section 3663A(b)(2)(C), however, Congress has expressly provided that the defendant shall “reimburse the victim for income lost by such victim as a result of such offense.” 18 U.S.C. § 3663A(b)(2)(C) (emphasis added).
In United States v. Dayea, 73 F.3d 229 (9th Cir.1995), this Court held that:
Section 3663(b)(2) limits its own applicability to cases in which the offense caused a bodily injury to “a victim.” In such cases, a court may order the defendant to “reimburse the victim for income lost by such victim as a result of such offense.” Section 3663(b)(2)(C). This use of the phrase “the victim” (as opposed, for instance, to “any victim”) indicates that “the victim” of § 3663(b)(2)(C) must refer to the same “victim” as the first clause of § 3663(b)(2).
Id. at 231.
As this court previously observed: “[W]ith respect to restitution for wages, Congress required the victim himself or herself to show actual losses. There Congress chose the verb ‘reimburse,’ rather than ‘pay,’ and specified that it was the victim who had to have ‘lost’ the income.” United States v. Cliatt, 338 F.3d 1089, 1091 (9th Cir.2003) (citing 18 U.S.C. § 3663A(b)(2)(C)). “We must give effect to these distinctions.” Id. “When Congress includes a provision in one part of a statute but excludes it in another, we deem the difference intentional and assign meaning to the omission.” Id. (quoting Solomon v. Interior Reg’l Hous. Auth., 313 F.3d 1194, 1199 (9th Cir.2002)).
In United States v. Wilcox, 487 F.3d 1163 (8th Cir.2007), the Eighth Circuit also interpreted § 3663A(b)(2)(C) to require that restitution for lost income be awarded to the victim who was directly harmed by the defendant. Id. at 1176. The Eighth Circuit reasoned as follows:
While the statute defines “victim” as “a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered,” [ ] § 3663A(a)(2), the subsection concerning reimbursement for lost income refers to a specific victim: “[I]n the case of an offense resulting in bodily injury to a victim ... [the defendant shall] reimburse the victim for income lost by such victim as a result of such offense.” 18 U.S.C. § 3663A(b)(2)(C) (emphasis added).

Id.

The district court stated that “prohibiting the CVCP from recovering the monies it paid [] Bershaw for his lost income would eliminate § 3664(j)(l)’s utility[.]”[2] The district court’s reliance on § 3664(j)(l) to require a court to order restitution for lost wages to a third party that advanced money to the victim harmed by the defendant is contrary to this Circuit’s decisions in Cliatt and Follet. In Cliatt, this Court held that § 3664 does not “set[ ] substantive standards for an award of restitution.” Cliatt, 338 F.3d at 1093. ‘“[T]he third- *1179 party restitution provisions of § 8664 ... cannot trump’ the substantive restitution provisions found elsewhere in the statutes, because § 3664 is only a procedural mechanism.” Id. (citing Follet, 269 F.3d at 1000). In Follet, we held that “ § 3664 establishes the procedures for ordering restitution, but [ ] that section does not ‘fix [] the substantive boundaries of [restitution] orders.’” Follet, 269 F.3d at 1000 (quoting Hughey v. United States, 495 U.S. 411, 418, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990)). “As a consequence, the third-party restitution provisions of § 3664, even if they could otherwise be read somewhat metaphorically to cover ‘compensation’ to victims in the form of direct services, cannot trump any substantive limitations contained” in the restitution statutes. Id.[3]
In a recent decision, the Tenth Circuit held the plain language of the MVRA requires that a district court award restitution to the person directly and proximately harmed by a defendant’s crime, instead of to the Crime Victims Fund, even if the victim has renounced her right to receive restitution. United States v. Speakman, 594 F.3d 1165, 1174-77 (10th Cir.2010). The Tenth Circuit held “[federal courts possess no inherent authority to order restitution, and may only do so as explicitly empowered by statute.” Id. at 1175 (citing United States v. Nichols, 169 F.3d 1255, 1278 (10th Cir.1999) and quoting United States v. Hensley, 91 F.3d 274, 276 (1st Cir.1996)) (internal quotations omitted). Citing 18 U.S.C. § 3663A(a)(l), it concluded that “restitution is only mandatory when ordered to the victim or the victim’s estate[.]” Id. In reversing the district court’s restitution order, the Tenth Circuit held that there was “no statutory basis on which a court could have ordered [the defendant] to pay restitution to the Crime Victims Fund.” Id. at 1179.
The Seventh Circuit reached a similar result in United States v. Pawlinski, 374 F.3d 536 (7th Cir.2004). In Pawlinski, the district court ordered a defendant, who defrauded campaign contributors, to pay restitution to his victims and deposit the sum owed in the district court. Id. at 537. The district court then notified the defrauded victims that they were entitled to reimbursement. Id. However, some contributors did not collect the amount of their loss. Id. Thus, the district court ordered the unclaimed funds to be paid to the Crime Victims Fund. Id. The defendant appealed from the order that the unclaimed balance be awarded to the Crime Victims Fund. Id. at 538. In reversing the restitution order, the Seventh Circuit held that “[a]n order of restitution underfthe MVRA] ... must go to victims of the defendant’s crimes, and the Crime *1180 Victims Fund is neither a victim of Pawlinski nor a representative of his victims.” Id. at 539.
As in Speakman and Pawlinski, the district court in the matter sub judice erroneously ordered the defendant to pay restitution to someone other than to the person directly and proximately harmed as a result of the commission of an offense for which restitution may be awarded.
The district court’s decision to require Andrews to reimburse the CVCP directly for the amount it ordered in favor of the victim, has a common sense appeal. Unfortunately, however, the district court not only lacked the power to do so, it also violated Congress’s express and unambiguous mandate that the defendant shall “reimburse the victim for income lost by such victim.” 18 U.S.C. § 3663A(b)(2)(C). Where, as here, the language used by Congress is clear and unambiguous, a federal court lacks the power to disregard it. If a statute drafted by Congress unwisely prevents a third party from being duly reimbursed for money it advanced to the victim of a crime in a restitution order, the resolution of any perceived flaw or anomaly in the statute must be presented to Congress, not to the judicial branch of government. Under the Constitution, the judicial branch’s role is limited to interpreting the law, not making it.
In Tennessee Valley Authority v. Hill, 437 U.S. 153, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978), the Supreme Court explained that, in engaging in statutory interpretation,
[o]ur individual appraisal of the wisdom or unwisdom of a particular course consciously selected by Congress is to be put aside in the process of interpreting a statute. Once the meaning of an enactment is discerned and its constitutionality determined, the judicial process comes to an end. We do not sit as a committee of review, nor are we vested with the power to veto.... We agree with the Court of Appeals that in our constitutional system the commitment to the separation of powers is too fundamental for us to pre-empt congressional action by judicially decreeing what accords with ‘common sense and the public weal.’ Our Constitution vests such responsibilities in the political branches.
Id. at 194-95, 98 S.Ct. 2279.
Accordingly, I am persuaded that it is our duty to apply § 3663A(b)(2)(C) and hold that the district court lacked the authority to award restitution to the CVCP because that entity did not suffer bodily injury as the result of Andrews’ violent assault.

. 18 U.S.C. § 3663(b)(2), or the VWPA, and 18 U.S.C. § 3663A(b)(2), or the MVRA, are nearly identical and "courts interpreting the MVRA may look to and rely on cases interpreting the VWPA as precedent.” Gordon, 393 F.3d at 1048.

. Section 3664(j)(l) provides as follows:
[I]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.
18 U.S.C. § 3664(j)(l) (emphasis added).

. Under Washington law, a victim injured as a result of criminal conduct must reimburse a third party which has paid benefits to a victim pursuant to Wash. Rev.Code § 7.68.120. Section 7.68.120 provides as follows:
Any person who has committed a criminal act which resulted in injury compensated under this chapter may be required to make reimbursement to the [CVCP] as provided in this section.
(1) Any payment of benefits to or on behalf of a victim under this chapter creates a debt owing to the department by any person found to have committed the criminal act in either a civil or criminal court proceeding in which he or she is a party.... If, in a criminal proceeding, a person has been found to have committed the criminal act that results in the payment of benefits to a victim and the court in the criminal proceeding does not enter a restitution order, the department shall, within one year of imposition of the sentence, petition the court for entry of a restitution order.
Wash. Rev.Code § 7.68.120. The record also shows that Bershaw signed an agreement to reimburse CVCP for any of the amount of lost income he might receive from the person that caused his injury. Clearly, to comply with Wash. Rev.Code § 7.68.120, CVCP should be given notice of pending restitution proceedings if it has paid benefits to a crime victim.