# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2564

_____

United States of America,                    *
                                             *
             Appellee,                        *
                                             *    Appeal from the United States
      v.                                      *    District Court for the
                                             *    Western District of Missouri.
Shawn D. Memarian,                            *
                                             *    [UNPUBLISHED]
             Appellant.                       *

_____

Submitted: April 7, 2010
Filed: April 12, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

      Shawn Memarian pleaded guilty to cyberstalking, in violation of 18 U.S.C.
§ 2261A(2)(B)(i).  The district court[1] imposed a below-Guidelines-range sentence of
24 months in prison and 3 years of supervised release, and ordered Memarian to pay
$3,550 in restitution to his victim.  On appeal, his counsel has moved to withdraw and
filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence
and the restitution award, and asserting that trial counsel was ineffective.  In pro se
supplemental filings, Memarian also challenges the district court's imposition of

_____

      [1]The Honorable Nanette K. Laughrey, United States District Judge for the
Western District of Missouri.

special conditions of supervised release, prohibiting him from (1) incurring new credit card charges or opening additional lines of credit without approval by the probation office, and (2) consuming or possessing alcoholic beverages, or being in an establishment where alcoholic beverages are the primary items for sale.

Having carefully reviewed the record, we find no abuse of discretion in the sentence and no indication that the district court overlooked or misapplied any relevant factor, or gave significant weight to an improper or irrelevant factor. See 18 U.S.C. § 3553(a) (sentencing factors); United States v. Austad, 519 F.3d 431, 434-36 (8th Cir. 2008) (appeals court reviews for abuse of discretion, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence; for sentence outside Guidelines range, due deference must be given to district court's decision that § 3553(a) factors justify extent of variance); see also United States v. Schlosser, 558 F.3d 736, 740-42 (8th Cir. 2009) (pretrial conduct, including conduct while free on bond, is appropriate consideration under § 3553(a); record showed district court relied on unobjected-to presentence report and police incident report for conduct underlying bond violations, not on magistrate judge's findings of fact during bond revocation hearing).

We find no plain error in the district court's restitution order, see 18 U.S.C. § 2264 (court shall order restitution for § 2261A offense); United States v. Malpeso, 126 F.3d 92, 94-95 (2d Cir. 1997) (relocation expenses), or in its imposition of the special conditions of supervised release, see U.S.S.G. § 5D1.3(d)(2), p.s. (barring debt accumulation if defendant is subject to restitution); United States v. Kreitinger, 576 F.3d 500, 505-06 (8th Cir. 2009) (unobjected-to statements in presentence report regarding suspicion of substance abuse were sufficient to justify condition requiring defendant to participate in substance-abuse program). See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (errors not properly preserved are reviewed for plain error only). Finally, Memarian should raise any ineffective-assistance claim

-2-

in a 28 U.S.C. § 2255 motion rather than in this direct appeal. <u>See</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872-73 (8th Cir. 2007).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal.  Accordingly, we grant counsel's motion to withdraw, deny Memarian's motion for appointment of appellate counsel, and affirm the judgment of the district court.

_____