**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10501 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08211-FJM-2 |
| v. | |
| DEANNA DORA BENALLY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10502 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08211-FJM-4 |
| v. | |
| JERRISON WILLIE JAMES, AKA Jerrison James, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10505 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08211-FJM-3 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

GARRISON WILLIE JAMES, AKA
Garrison James,

      Defendant - Appellant.

UNITED STATES OF AMERICA,      No. 13-10073

      Plaintiff - Appellee,      D.C. No. 3:11-cr-08211-HBM-1

  v.

REED LITTLESKY BIA,

      Defendant - Appellant.

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Submitted December 4, 2013[**]
San Francisco, California

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Pursuant to plea agreements, Defendants Deanna Benally, Jerrison James, Garrison James, and Reed Bia each pleaded guilty to one count of Robbery by Force, Violence, and Intimidation within the Navajo Indian Reservation, in

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 1153, 2111, and 2112.  Defendants' plea agreements

provided for restitution under 18 U.S.C. § 3663A.  Defendants appeal the district

court's restitution order directing them to pay $1,215.32 for costs associated with

the robbery victim's psychological counseling.[1]  We have jurisdiction under

28 U.S.C. § 1291, and we vacate the restitution order in part corresponding to the

costs of the victim's psychological counseling, affirm in part,[2] and remand for

resentencing on an open record.

Defendants contend that the district court erred when it awarded restitution

for psychological counseling in the absence of evidence that the victim suffered

physical injury.  Defendants further contend that the district court erred in

determining that the restitution amount was sufficiently documented to show the

victim's psychological counseling was related to the robbery.

At sentencing, the district court was convinced that the victim's

psychological injury was legitimate, but did not make a specific finding of the

---

[1] Defendants were ordered to pay restitution to the Arizona Health Care Cost
Containment System (Arizona's Medicaid agency), which paid for the victim's
psychological counseling.

[2] We affirm the order of restitution with respect to $45.00 for the victim's
cell phone.

nature of the victim's physical injury.[3] The district court determined the amount of the restitution award from a summary medical billing statement that did not describe the victim's diagnosis or treatment.

We have previously held that the cost of psychological counseling can only be included in a restitution order when the victim has suffered physical injury. *See United States v. Hicks*, 997 F.2d 594, 601 (9th Cir. 1993); *see also United States v. Follet*, 269 F.3d 996, 1001 (9th Cir. 2001) (following *Hicks*); *United States v. Dayea*, 73 F.3d 229, 231-32 (9th Cir. 1995) (same). The district court clearly erred by ordering Defendants to pay restitution for costs of the victim's psychological treatment in the absence of a finding that the victim suffered physical injury from the robbery.

We vacate in part and remand for resentencing on an open record so that the district court can determine whether the victim suffered a physical injury from the robbery, and if so, whether sufficient documentation exists to support restitution for the costs of the victim's psychological counseling. *See United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (en banc).

---

[3] The issue of restitution was primarily discussed at the sentencing of Defendants Benally, Garrison James, and Jerrison James before District Judge Martone in September 2012. Defendant Bia was sentenced before visiting District Judge McKibben in February 2013. All four sentences included restitution for the cost of the victim's psychological counseling.

-4-

**VACATED in part, AFFIRMED in part, and REMANDED.**