NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 15-1303

—————————

UNITED STATES OF AMERICA

v.

JOSEPH WING,
                                  Appellant

—————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-14-cr-00156-001)
District Judge: Hon. James M. Munley

—————————

Submitted Under Third Circuit LAR 34.1(a)
October 7, 2015

Before: McKEE, *Chief Judge*, AMBRO, and HARDIMAN, *Circuit Judges*

(Opinion filed: November 18, 2015)

—————————

OPINION*

—————————

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Chief Judge*.

Joseph Wing, currently incarcerated at the United States Penitentiary Canaan, in Waymart, Pennsylvania, appeals only that aspect of his sentence requiring him to pay restitution to the Bureau of Prisons (BOP). For the following reasons, we will affirm.

As we write only for the parties who are familiar with the facts and procedural history, we will set forth only those facts necessary to our conclusion.[1]

We review restitution orders "under a bifurcated standard: plenary review as to whether restitution is permitted by law, and abuse of discretion as to the appropriateness of the particular award."[2] Because Wing did not object to the restitution order during sentencing, we review for plain error.[3]

The general rule is that federal court orders of restitution are proper only to the extent authorized by statute.[4] The applicable statute, the Mandatory Victims Restitution Act (MVRA),[5] permits payments not only to victims of crimes but also to third parties who provide monetary compensation for victims' medical expenses.[6] Wing bears the burden of establishing plain error regarding the restitution award by proving that (1) the court erred; (2) the error was obvious under the law at the time of review; and (3) the

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] *United States v. Quillen*, 335 F.3d 219, 221 (3d Cir. 2003); *see also United States v. Crandon*, 173 F.3d 122, 125 (3d Cir. 1999).

[3] *See* FED. R. CRIM. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-34 (1993); *United States v. Tann*, 577 F.3d 533, 535 (3d Cir. 2009).

[4] *See United States v. Evers*, 669 F.3d 645, 655-56 (6th Cir. 2012).

[5] 18 U.S.C. § 3663A (2012).

[6] *Id.*; 18 U.S.C. § 3664(j)(1) (2012).

error affected his substantial rights, that is, the error affected the outcome of the proceedings.[7]

Wing argues that he need not pay restitution to the BOP because the BOP is not a "person directly or proximately harmed" by the attack. Nor is it a third party, such as an insurance company, who provided monetary compensation for the victim's expenses.[8] The only appellate court to address this situation in a precedential opinion held that, although the BOP was not a victim under the MVRA, awarding restitution to the BOP was appropriate.[9] In *United States v. Church*, the Sixth Circuit concluded that under 18 U.S.C. §§ 3663A(b)(2) and 3664(j) the BOP deserved restitution as a third party medical provider.[10] The *Church* court noted that other circuits had found that third party medical providers who pay for a victim's treatment were entitled to restitution payments.[11] Wing does not dispute the conclusion in the Presentence Report that the BOP incurred costs totaling $19,166.64 in treating the victim of his attack. Accordingly, even though the BOP is not a "victim" *per se* under the MVRA, the District Court did not plainly err in ordering restitution.[12]

Wing argues in the alternative that the Federal Prisoner Health Care Copayment Act of 2000 (the Act),[13] its corresponding regulation,[14] and BOP policy,[15] limit his

---

[7] *Johnson v. United States*, 520 U.S. 461, 467 (1997).
[8] *See* § 3663A; § 3664(j)(1).
[9] *See United States v. Church*, 731 F.3d 530, 536-37 (6th Cir. 2013).
[10] *Id.*
[11] *Id.* at 536 (citing *United States v. Johnson*, 400 F.3d 187, 200 (4th Cir. 2005) and *United States v. Cliatt*, 338 F.3d 1089, 1091 (9th Cir. 2003)).
[12] *See Johnson*, 520 U.S. at 467.
[13] 18 U.S.C. § 4048 (2012).

financial responsibility for the victim's medical treatment to copayments only. The Act requires an inmate who injures another inmate to be responsible for the copayments associated with treating the injury.[16] The typical copayment is $2.00 per visit.[17] Wing contends that, because the statute requires that copayments collected from a prisoner subject to an order of restitution shall be paid to the victim,[18] he is required to pay only the copayment amounts for his victim's medical treatment.

This argument is without merit. Nothing on the face of the Act, its supporting regulation, or the BOP Program Statement asserts that copayments are to be the exclusive remedy in instances involving restitution, or that they somehow trump the language of the MVRA regarding injuries (and the resulting loss or cost) that arise in the context of inmate-on-inmate crime. Moreover, Wing has not pointed to any caselaw, binding or otherwise, indicating that we should construe the Act as the controlling authority for imposing restitution here, and we have found none.

We also note that Wing's interpretation of the relationship between the Act and the MVRA would contradict both the text of the MVRA and congressional intent. The MVRA explicitly states that restitution shall include the "cost of necessary medical and related professional services and devices. . . ."[19] Congress did not restrict restitution payments to the amount the victim must pay out of pocket. Moreover, as the *Church*

---

[14] 28 C.F.R. § 549.70 (2015).

[15] BOP, PROGRAM STATEMENT, P-6031.02 (2005).

[16] *See* 18 U.S.C. §4048(c)(2); 28 C.F.R. §549.70(b)(2); BOP, PROGRAM STATEMENT, P-6031.02(5)(b).

[17] *See* 28 C.F.R. § 549.70(b); BOP, PROGRAM STATEMENT, P-6031.02(5).

[18] *See* § 4048(g).

[19] 18 U.S.C. § 3663A(b)(2)(A) (2012).

Court noted, Congress' stated purpose in enacting the MVRA was "to ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as to society."[20]

For the foregoing reasons, we will affirm the reasoning of the District Court.

---

[20] S. REP. NO. 104–179, at 12 (1995), *as reprinted in* 1996 U.S.C.C.A.N. 924, 925.