Revised August 15, 2000

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-31137

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNIFER TURNER HOWARD,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana

July 27, 2000

Before POLITZ, JONES and STEWART, Circuit Judges

POLITZ, Circuit Judge:

Jennifer Turner Howard appeals the sentence imposed upon revocation of her

supervised release, contending that the district court erred in ordering restitution

without considering her present or future ability to pay.  We affirm.

## BACKGROUND

In 1994, Howard pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344, and was sentenced to 33 months' imprisonment, five years' supervised release, and restitution in the amount of $26,773.72. That conviction and sentence was not appealed. On February 23, 1998, during the term of her supervised release, the probation officer sought revocation of her supervised release citing Howard's: (1) failure to submit monthly supervision reports; (2) leaving a detoxification center without approval of the probation office; (3) failure to notify the probation office of termination of her employment; (4) using narcotics for which she did not have a prescription; and (5) failure to attend a substance abuse group therapy session.

Thereafter, Howard was indicted for bank fraud in violation of 18 U.S.C. § 1344. The indictment alleged that in January and February of 1998, Howard stole two purses, used identification cards contained therein, and forged signatures to open bank accounts at Bank One and Louisiana Bank and Trust. Howard pleaded guilty to the bank fraud charge, waived the right to a separate hearing for the revocation of supervised release, and agreed to the revocation based on the indicted conduct. For the second bank fraud conviction, Howard was sentenced to 24 months' imprisonment, three years' supervised release, and restitution of

$6,273.63. Based on the revocation of supervised release, Howard was sentenced to 36 months' imprisonment, to run consecutively to the bank fraud sentence, and ordered to pay the as yet unpaid restitution from the first bank fraud conviction. Howard timely appealed.

## ANALYSIS

An order of restitution is governed by the Victim and Witness Protection Act of 1982 (VWPA).[1] The VWPA required that the district court consider a defendant's financial circumstances and ability to pay before ordering restitution. In 1996 Congress enacted the Mandatory Victims Restitution Act (MVRA), which amended the VWPA to provide that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."[2] The sole consideration to be given a defendant's ability to pay is factored into the court's determination of "the manner in which, and the schedule according to which, the defendant will satisfy the restitution order."[3] The MVRA applies to convictions occurring on or after April 24, 1996.

---

[1] 18 U.S.C. §§ 3663-3664.

[2] 18 U.S.C. § 3664(f)(1)(A).

[3] 18 U.S.C. § 3664(f)(2).

Howard complains that in imposing the restitution order in connection with the revocation of her supervised release, the district court applied the MVRA and, thus, violated the Ex Post Facto Clause because the restitution was based on conduct that occurred prior to enactment of the statute. Constitutional challenges to a federal statute are reviewed *de novo.*[4] There being no objection to the order of restitution at sentencing, we review for plain error.[5] We recently have held that retroactive application of the MVRA violates the Ex Post Facto Clause.[6] We conclude, however, that no Ex Post Facto violation occurred in the case at bar.

The restitution order resulting from the first bank fraud conviction was not imposed as a condition of Howard's supervised release.[7] Rather, it was ordered as a separate sentencing component of the first judgment of conviction.[8] "Were restitution simply a term of supervised release or probation, it could not be due

---

[4]**United States v. Bailey,** 115 F.3d 1222 (5th Cir. 1997).

[5]**United States v. Rodriguez,** 15 F.3d 408 (5th Cir. 1994).

[6]**United States v. Richards,** 204 F.3d 177 (5th Cir. 2000), *reh'g and reh'g en banc denied,* 211 F.3d 595, *petition for cert. filed* (June 20) (No. 99-2049).

[7]18 U.S.C. § 3583(d).

[8]18 U.S.C. §§ 3551, 3556.

prior to the commencement of such a term."[9]  That is not, however, the factual situation at bar.  Howard was not ordered to pay any additional amounts under the 1994 conviction but, rather, was directed to pay the amount still due and owing.  For purposes of the Ex Post Facto Clause, the district court did not impose a second restitution order, but merely recognized the prior imposition of restitution which had not been paid when the supervised release was revoked.[10]

The judgment appealed is AFFIRMED.

---

[9]**United States v. Webb,** 30 F.3d 687, 690 (6th Cir. 1994) (citing **United States v. Angelica,** 859 F.2d 1390 (9th Cir. 1988)).

[10]**Webb,** 30 F.3d at 690 ("[A] district court's decision to revoke supervised release does not affect the obligation to pay restitution if such obligation was [not imposed as a condition of the supervised release].").