United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10337
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER SHAUN MCDONALD, also known as
Chris McDonald,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-293-ALL-A
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher Shaun McDonald pleaded guilty pursuant to a
written plea agreement to wire fraud, and he was sentenced to
nine months' imprisonment, three years' supervised release, a
special assessment of $100, and restitution in the amount of
$18,846.65.

On appeal, McDonald argues that the district court erred
when it failed to consider his ability to pay when scheduling his
immediate payment of restitution.  McDonald also asserts that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court was not authorized to order the immediate payment of restitution as a condition of supervised release under 18 U.S.C. § 3583 because his term of supervised release had not yet commenced. However, the district court considered McDonald's assets, earnings, and financial obligations when it scheduled the payment of restitution, and McDonald has not shown any error in the court's restitution order. See 18 U.S.C. § 3664(f)(2); United States v. Howard, 220 F.3d 645, 647 (5th Cir. 2000); United States v. Myers, 198 F.3d 160, 169 (5th Cir. 1999).

McDonald also argues that the district court erred in ordering that he pay restitution to one victim for expenses related to his nonmandatory attendance as an observer at court proceedings. The Mandatory Victims Restitution Act requires a defendant to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). Under the plain language of the statute, the district court did not err in awarding restitution for the victim's court attendance. See United States v. Morales-Palacios, 369 F.3d 442, 446 (5th Cir. 2004); see also United States v. Malpeso, 126 F.3d 92, 94-95 (2d Cir. 1997).

AFFIRMED.