United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-50603
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

**versus**

**PEDRO RANGEL,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(1:04-CR-250-2)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pedro Rangel appeals his 120-month sentence following his jury conviction for possession with the intent to distribute, and conspiracy to possess with the intent to distribute, more than five kilograms of cocaine. Rangel asserts that, because the jury found him not guilty of possession of, or conspiracy to possess, a firearm in furtherance of a drug-trafficking crime, the district court clearly erred in finding he possessed a firearm in connection with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the offense and enhancing his sentence as a result. We review for clear error fact-finding with respect to enhancements; interpretation of the Guidelines, *de novo*. *E.g., **United States v. Creech***, 408 F.3d 264, 270 n.2 (5th Cir.), *cert. denied*, 126 S. Ct. 777 (2005).

The jury's finding Rangel not guilty of possession of, or conspiracy to possess, a firearm in furtherance of drug trafficking, did not bar the district court's increasing his offense level under Sentencing Guideline § 2D1.1(b)(1) (allowing two-level increase for possession of dangerous weapon, including a firearm). ***United States v. Buchanan***, 70 F.3d 818, 828 (5th Cir. 1995), *cert. denied*, 517 U.S. 1114 (1996) ("While a conviction requires proof beyond a reasonable doubt, a district court may sentence a defendant within the Sentencing Guidelines on any relevant evidence that has sufficient indicia of reliability to support its probable accuracy.") (internal citation and quotation marks omitted).

Such possession is established if the Government proves by a preponderance of the evidence "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant". ***United States v. Hooten***, 942 F.2d 878, 882 (5th Cir. 1991); *see **United States v. Vasquez***, 161 F.3d 909, 912 (5th Cir. 1998) ("Applying this standard, the government must provide evidence that the weapon was found in the same location where drugs

2

or drug paraphernalia are stored or where part of the transaction occurred.") (internal citation and quotation marks omitted).

The evidence reflects that numerous firearms and ammunition were found in the home of Rangel and his son (a coconspirator), along with cocaine, money, and supplies. Firearms, ammunition, or both were found in Rangel's bedroom, his son's bedroom, and common areas of the home.

Pursuant to Sentencing Guidelines § 1B1.3(a)(1)(B), a defendant's offense level may be increased to reflect "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity". Accordingly, the court did *not* clearly err in determining that the enhancement applied based on guns being found in the same location where drugs or drug paraphernalia were stored or by inferring that Rangel should have foreseen his coconspirator's possession of a dangerous weapon. *See* **Hooten**, 942 F.2d at 882; **United States v. Aguilera-Zapata**, 901 F.2d 1209, 1215 (5th Cir. 1990).

Even if Rangel had been able to demonstrate clear error, the district court was required to impose the statutory minimum of, *inter alia*, 120 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Accordingly, any error would have been harmless. **Williams v. United States**, 503 U.S. 193, 203 (1992) (holding remand is inappropriate where "the error did not affect the district court's selection of the sentence imposed").

3

Rangel also asserts his sentence is unconstitutionally excessive due to his minor role in the conspiracy and because of his age. Because Rangel failed to so object in district court, our review is only for plain error. *See* **United States v. Howard**, 220 F.3d 645, 647 (5th Cir. 2000). Under that standard, Rangel bears the burden of showing there is a "clear" or "obvious" error that affected his substantial rights. *See* **United States v. Olano**, 507 U.S. 725, 732 (1993). If he is able to do so, we have discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". **Id**. (internal citations and quotation marks omitted) (alteration in original).

In comparison to the life sentences imposed in **Rummel v. Estelle**, 445 U.S. 263 (1980), on a non-violent criminal pursuant to a recidivist statute, and in **Harmelin v. Michigan**, 501 U.S. 957 (1991), on an offender with no criminal history for possessing 672 grams of cocaine, the 120-month sentence imposed here is *not* grossly disproportionate to the offense of violating 21 U.S.C. § 841. *See* **Smallwood v. Johnson**, 73 F.3d 1343, 1347 (5th Cir.), *cert. denied*, 519 U.S. 883 (1996). Therefore, Rangel has failed to show an error, much less a clear or obvious one.

**AFFIRMED**