# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-30909
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PETER M LEMOINE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CR-10032-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Peter M. Lemoine was convicted of one charge of theft affecting an insurance provider and was sentenced to serve 46 months in prison and a three-year term of supervised release. The district court also ordered Lemoine to pay restitution in the amount of $664,971.95.

Lemoine appeals his restitution order. He contends that the district court erred by not considering the factors for setting restitution payments found in 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 3664(f)(2) before issuing his order of restitution. This error is, as Lemoine concedes, reviewed for plain error only due to his failure to raise it in the district court. *See United States v. Howard*, 220 F.3d 645, 647 (5th Cir. 2003); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). A review of the record controverts Lemoine's assertion concerning the district court's consideration of the proper factors. Several of the district court's remarks, as well as its consideration of defense counsel's arguments and the presentence report, show that it considered the § 3664(f)(2) factors before setting Lemoine's payment schedule. *See United States v. Caldwell*, 302 F.3d 399, 420-21 (5th Cir. 2002). This argument is unavailing. The district court's decision to impose restitution in the chosen amount is AFFIRMED.

Lemoine also argues that the district court's oral and written restitution orders conflict with respect to the timing of his payments. Lemoine is correct. The district court's final remarks on this topic at sentencing show that it intended for Lemoine's restitution payments to begin "within 30 days of his release and entry onto supervised release." The written judgment likewise indicates that Lemoine's payments are to start when he begins to serve his term of supervised release.

However, the written judgment also indicates that Lemoine's payments are to begin "immediately." Other language in the written judgment likewise supports a conclusion that Lemoine's restitution payments are to start while he is still incarcerated. The written judgment is both internally inconsistent and contrary to the district court's final oral order concerning the timing of his restitution payments.

When the record is examined as a whole, it shows that the district court intended for Lemoine to start paying his restitution after he was released from prison, when his term of supervised release began. *See United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005); *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987). The record thus shows that the discrepancies in the written

judgment concerning the time at which Lemoine's restitution payments are to begin is the result of a clerical error. *See United States v. Steen*, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995). The judgment is thus VACATED and the case is REMANDED for the limited purpose of allowing the district court to amend the written judgment to reflect the proper time for Lemoine's restitution payments to begin. *See* FED. R. CRIM. P. 36.