FILED
United States Court of Appeals
Tenth Circuit

December 17, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENET CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMMY EDWARD FRENCH, JR.,
a/k/a Samuel Edward French, Jr.,

    Defendant - Appellant.

No. 09-1011
(D.C. No. 06-CR-00373-WYD-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **EBEL**, and **MURPHY**, Circuit Judges.

---

Defendant-Appellant Sammy Edward French, Jr. was convicted by a jury of

seven counts of bank robbery, three of which were armed robberies, in violation

of 18 U.S.C. § 2113(a) and (d). He was sentenced to a term of imprisonment of

360 months followed by five years of supervised release. 1 R. 546-47. The court

also ordered him to pay restitution of $17,819.03 to the three victim banks. 1 R.

549. On appeal, Mr. French only challenges $927.03 of the restitution award to

Canon National Bank (Canon). Exercising jurisdiction under 28 U.S.C. § 1291

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and 18 U.S.C. § 3742(a), we affirm the district court's restitution order.


Background

In addition to the $6,616.00 taken from Canon during the robbery, the bank also requested restitution for lodging, mileage, and meal expenses incurred due to two non-testifying bank representatives' attendance at court proceedings. 5 R. ¶ 30; see Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. Mr. French objected to restitution for the attendance-related expenses, arguing that such costs were discretionary, incurred solely because of Canon's internal policies, and not requested by the other victim banks. 2 R. 7. The probation officer responded that Canon was a victim of Mr. French's bank robbery under 18 U.S.C. § 3663A(a)(2) and that restitution for attendance-related expenses is authorized by 18 U.S.C. § 3663A(b)(4). 5 R. Addendum A-3.

During sentencing, the district court found that Canon was a victim under § 3663A. 4 R. 924. Over Mr. French's objection, the district court found that the Canon representatives' attendance at the court proceedings was appropriate, as were the requested expenses. 4 R. 924-25.

On appeal, Mr. French argues that the attendance-related expenses were not a direct and proximate result of the robbery, but rather consequential expenses that are impermissible bases for restitution. Aplt. Br. 17-19. He also argues that the expenses were unnecessary under the Act. Aplt. Br. 19-21. He agrees that

attendance-related expenses for the testifying victim bank teller would have been proper had the government not already paid such expenses. Aplt. Reply Br. 6.

Discussion

We review the district court's interpretation of the MVRA de novo, its factual findings for clear error, and the amount of restitution awarded for abuse of discretion. United States v. Gallant, 537 F.3d 1202, 1247 (10th Cir. 2008), cert. denied, 129 S. Ct. 2026 (2009). Mr. French does not dispute that Canon was a victim under the Act, Aplt. Br. 17; Aplee. Br. 17, nor does he contest the amount of the award for the attendance-related expenses, Aplee. Br. 10. Thus, we limit our review to the legality of the restitution order for the Canon representatives' attendance-related expenses.

Section 3663A(b)(4) requires courts to order certain defendants to reimburse victims "for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." Despite the plain language of the Act, Mr. French argues that (1) § 3663A(a)(2) must be read in conjunction with § 3663A(b)(4) to limit restitution to harm caused directly by the bank robberies, Aplt. Reply. Br. 3-4, and (2) the Canon representatives' attendance at court proceedings must have been necessary to qualify for restitution under § 3663A(b)(4), Aplt. Reply Br. 6.

- 3 -

The Act directs the sentencing court to order restitution for the victim of the offense, and § 3663A (a)(2) defines the term "victim" as "a person directly and proximately harmed as a result of the commission of an offense."  Mr. French contends that any loss Canon suffered because it sent two bank representatives to attend court proceedings was not directly or proximately caused by the robberies but instead by Canon's decision to send them even though their attendance was not mandatory.  Aplt. Br. 15; Aplt. Reply Br. 3.  This argument confuses the question of Canon's status as a victim under the Act with the question of which losses that flow from that status are covered by the Act.  The Act plainly allows victims to recover attendance-related losses even where the victim's attendance is not required.  See United States v. McDonald, 108 Fed. Appx. 916, 917 (5th Cir. 2004) (upholding district court's restitution order for victim's expenses related to his nonmandatory attendance as an observer at court proceedings under the plain language of the MVRA).  Thus, once it is established that Canon qualifies as a victim—which is undisputed in this case—§ 3663A(b)(4) merely requires "the included expenses be 'necessary,' and that they be 'incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.'"  United States v. Battista, 575 F.3d 226, 233 (2d Cir. 2009) (internal citations and quotation marks omitted).  Because the expenses were necessary for the Canon representatives' attendance at proceedings related to the offense, restitution was appropriate.

AFFIRMED.

                      Entered for the Court


                      Paul J. Kelly, Jr.
                      Circuit Judge