# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2010

No. 09-40491
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIK ALFREDO CONSTANTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-501-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Erik Alfredo Constante appeals his jury trial conviction for bank fraud and embezzlement and for theft, embezzlement, or misapplication by a bank officer or employee. He also appeals the district court's order that, as a condition of his supervised release, he is required to pay restitution in the amount of $100,000 within 90 days of his release from incarceration. Constante was sentenced to terms of imprisonment of 36 months on each count, the terms to run concurrently, and to concurrent five-year terms of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Constante argues that the district court abused its discretion in refusing to give the jury an instruction on the affirmative defense of duress. He contends that his testimony permitted a rational jury to conclude that he illegally withdrew funds from the account of a bank customer because of an imminent threat to his family members and because he had no legal alternative.

A defendant is entitled to a jury instruction on the affirmative defense of duress if he carries his burden of showing that he was subject to an imminent and impending threat that induces fear of death or serious bodily injury, that he had not recklessly placed himself in such circumstances, and that he had no reasonable alternative but to violate the law to avoid the threatened harm. *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998). The threat must be a "real emergency leaving no time to pursue any legal alternative." *Id.* at 874.

Constante testified that all the threats made against him were verbal and that he was never threatened with a gun or any other weapon. Although the first threat was made in late February, he did not hear from another perpetrator until mid-March, and he took no steps during that time to alert the bank to the scheme or to obtain legal assistance. He also had the opportunity after receiving a text message to alert authorities that an extortionist would be coming to the bank to take the funds, but he failed to do so. After illegally withdrawing the funds, Constante voluntarily returned evidence of the extortion to his extortionists.

The record, including Constante's own testimony, supports the district court's determination that Constante failed to carry his burden of showing that he was subject to an imminent and impending threat that induced a valid apprehension of death or serious bodily injury. Nor did he present evidence showing that he had no viable legal alternative to engaging in the criminal activity. The district court did not abuse its discretion in denying Constante's request for a jury instruction on duress. *Posada-Rios*, 158 F.3d at 873-75.

Constante argues that, in light of the information in the presentence report (PSR) showing his financial inability to pay immediate restitution, the district court committed plain error by ordering him to make a single lump sum restitution payment of $100,000 within 90 days of his release. He contends that the district court did not indicate that it had considered his financial resources and obligations in accord with 18 U.S.C. § 3664(f)(2) and, thus, abused its discretion and plainly erred in scheduling the lump sum payment.

Because Constante did not raise his § 3664(f)(2) argument in the district court, this claim is reviewed for plain error only. *See United States v. Howard*, 220 F.3d 645, 647 (5th Cir. 2003). Section 3664(f)(2) requires the district court in setting a restitution payment to consider the defendant's financial resources and assets, his projected earnings and income, and his financial obligations. This court will reverse a district court's decision concerning the scheduling of restitution payments only if the defendant can show "that it is probable that the district court failed to consider one of the mandatory factors and the failure to consider that factor influenced the court." *United States v. Schinnell*, 80 F.3d 1064, 1070 (5th Cir. 1996).

The PSR reflected that Constante had cash assets of only $1300, a monthly car note of $395 on a vehicle worth $18,000, and credit card debt of $600. Other than its determination that Constante could not afford to pay a fine, the district court made no reference to Constante's limited financial resources and merely surmised that he had hidden the stolen funds.

The record does not reflect that the district court considered Constante's limited financial resources in ordering his immediate restitution payment of $100,000 as a condition of his supervised release. Therefore, the district court plainly erred in requiring the immediate payment of the restitution. *See United States v. Myers,* 198 F.3d 160, 169 (5th Cir. 1999).

Constante's conviction and sentence are affirmed, except for the requirement that he pay the full amount of restitution immediately; that part

3

of the sentence is vacated and remanded for reconsideration of the scheduling of the restitution payment. *See id.*

AFFIRMED IN PART, SENTENCE VACATED IN PART AND REMANDED.