**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2012

No. 11-11159
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAY JARRAD KIRKLAND, also known as Clay Jarrod Kirkland,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-87-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Clay Jarrad Kirkland appeals the within-guidelines 235-month sentence and the consecutive 60-month sentence imposed following his guilty-plea convictions for possession with the intent to distribute methamphetamine and possession of a firearm in furtherance of a drug-trafficking crime. Kirkland argues that the sentences are cruel and unusual in violation of the Eighth Amendment because they are grossly disproportionate to the severity of the offenses committed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11159

Because Kirkland failed to object on this ground in the district court, review is for plain error. *See United States v. Howard*, 220 F.3d 645, 647 (5th Cir. 2000). In comparison to the life sentence imposed in *Rummel v. Estelle*, 445 U.S. 263 (1980), on a non-violent criminal pursuant to a recidivist statute, and the 30-year sentence imposed in *United States v. Gonzales*, 121 F.3d 928, 943-44 (5th Cir. 1997), *abrogated on other grounds by United States v. O'Brien*, 130 S. Ct. 2169, 2180 (2010), on a non-habitual offender convicted of using or carrying a firearm during a drug-trafficking offense, the within-guidelines sentences imposed on Kirkland are not grossly disproportionate to his offenses. *See Gonzales*, 121 F.3d at 943; *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

Accordingly, the judgment of the district court is AFFIRMED.