# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30797

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LUTRICIA S. FEAST,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CR-253-1

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

Lutricia S. Feast pleaded guilty to one count of making and subscribing a false individual income tax return and one count of aiding and assisting in the preparation of a false and fraudulent individual income tax return, in violation of 26 U.S.C. § 7206(1) and (2). As part of her sentence, the district court imposed restitution, and Feast appeals the restitution award. Because

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30797

the district court mistakenly relied on 18 U.S.C. § 3663A to impose restitution, we vacate the district court's restitution order and remand for resentencing.

## I.

Feast, a professional income tax preparer, admitted that she failed to report $830,986.50 of her income for tax years 2006 through 2009 and falsified 22 federal income tax returns for other taxpayers that resulted in the United States being owed $96,915. However, Feast pleaded guilty to only two counts: falsifying her return for the 2008 tax year by failing to report $280,170 in additional income, and assisting in the preparation of an individual income tax return for another taxpayer that contained a false deduction. The counts did not incorporate by reference the allegations contained in the preamble of the information. The factual basis attached to Feast's plea agreement stated that as a result of underreporting her income for tax years 2006 through 2009, Feast owed the government $287,860. It also stated that Feast owed an additional $94,681 as a result of falsifying tax returns for other taxpayers. In other words, the factual basis set forth the amount that Feast owed the government due to all of the conduct alleged in the information, including the conduct that was alleged in the preamble.

At rearraignment, Feast stipulated to the accuracy of the factual basis, including its loss amounts,[1] and she pleaded guilty to both counts. The

---

[1] The exchange occurred as follows:

THE COURT: The defendant admits that she underreported her income for numerous tax years. The defendant admits that from 2006 to 2009 she received $830,986.50 from [her tax-preparation business], none of which was declared on her income tax return. The defendant admits that she owes the United States $287,860. The defendant admits that on her 2008 tax return she falsely listed her income as $14,400 when in fact she earned an additional $280,170 which she knowingly failed to report to the Internal Revenue Service. Are those statements true, Ms. Feast?

THE DEFENDANT: Yes, sir.

2

No. 14-30797

presentence investigation report (PSR) stated that, based on Feast's stipulated factual basis, Feast owed $382,541 in restitution pursuant to 18 U.S.C. § 3663A. The district court adopted the PSR, imposed 24 months of imprisonment and one year of supervised release on each count, to run concurrently, and ordered Feast to pay $382,541 in restitution. The restitution was to be paid "immediately," with any of Feast's tax refunds to be applied toward restitution. If Feast did not pay restitution immediately, she was ordered to satisfy any unpaid balance in monthly installments while she was on supervised release. The judgment specifically provided that making these monthly payments was a condition of supervised release, as was the application of Feast's tax refunds toward restitution. Feast did not raise any objection to the restitution award in the district court, and she timely noticed this appeal.

## II.

Feast first argues that the district court was not statutorily authorized to award restitution. We review the legality of the restitution award *de novo* even though Feast did not object in the district court. *See United States v. Nolen*, 472 F.3d 362, 382 (5th Cir. 2006) (noting that while the defendant did not object at sentencing to the district court's statutory authority for imposing restitution, "because he is claiming that [the restitution award] is illegal, we review it de novo"). The district court adopted the PSR, which stated that restitution was authorized under § 3663A, but during its oral pronouncements at sentencing, the district court did not specify the statutory basis for

---

THE COURT: The defendant admits that by falsifying tax returns for her clients, the United States is owed an additional $94,681. Is that statement true?

THE DEFENDANT: Yes, sir.

3

restitution.  Feast's offenses of conviction arose under Title 26 of the United States Code, and she did not agree to pay restitution in the plea agreement. Therefore, as the government concedes, § 3663A—which mandates restitution for certain crimes that do not arise under Title 26—could not serve as the basis for the award.[2]

The government argues, however, that 18 U.S.C. § 3583(d) authorized the district court to impose restitution as a condition of supervised release, and that the district court ordered restitution pursuant to § 3583(d).  Section 3583(d) generally authorizes a sentencing court to impose as a condition of supervised release any discretionary condition of probation found in § 3563(b)—which includes awarding restitution to the victim of the offense. *See* § 3563(b)(2).  We have held that § 3583(d) "permit[s] a restitution award regardless of the limitations set out in § 3663(a)."[3]  *United States v. Dahlstrom*, 180 F.3d 677, 686 (5th Cir. 1999).  In particular, we have held that § 3583(d) permits restitution awards for tax offenses even though "[§ 3663] does not expressly cover tax offenses."  *United States v. Miller*, 406 F.3d 323, 329 (5th Cir. 2005).

Although the government is correct that the district court could have ordered restitution as a condition of supervised release, the district court did not do so.  As noted above, the PSR cited only § 3663A as the basis for

---

[2] The Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3663A, requires that restitution be awarded to the victim when the defendant is convicted of certain enumerated offenses.  § 3663A(a)(1).  Offenses under Title 26 are not among them. § 3663A(c)(1).  The MVRA also requires an award of restitution to persons other than the victim of the offense, but only if the parties agree to such an award in the plea agreement. § 3663A(a)(3).  The Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. § 3663, contains similar provisions for certain enumerated offenses, but restitution under that act is discretionary.

[3] As we explained in footnote 2, *supra*, the VWPA, § 3663, is the discretionary counterpart to the MVRA, § 3663A.

restitution, and the district court adopted the PSR without correcting that error. Moreover, the district court ordered that restitution was payable immediately. As Feast correctly observes, we have previously held that a restitution award due prior to the commencement of a term of supervised release is a component of the sentence, not a condition of supervised release. *United States v. Howard*, 220 F.3d 645, 647 (5th Cir. 2000). The government argues that the immediate nature of the restitution award should not prevent us from characterizing it as a condition of supervised release, citing *United States v. McDonald*, 108 F. App'x 916 (5th Cir. 2004), and *Miller*, 406 F.3d 323. However, the government's attempt to distinguish *Howard* is unavailing. *McDonald*, which is unpublished, does not explain why a district court can order immediate payment of restitution as a condition of supervised release. *See* 108 F. App'x at 917. In addition, *Miller* did not consider whether the immediate nature of a restitution award is inconsistent with characterizing it as a condition of supervised release. *Miller* held only that a district court did not plainly err in making restitution immediately payable because the defendant had not shown that the payment schedule was unrealistic. 406 F.3d at 328.

While it is true that during the sentencing hearing, the district court discussed restitution after it discussed the mandatory conditions of release and before it discussed the special conditions, the district court also discussed mandatory special assessments and statutory fines during that time, which are not conditions of supervised release. Moreover, while the judgment lists restitution-related conditions of supervised release, those conditions would only take effect if Feast failed to immediately pay restitution. Therefore, in light of the district court's adoption of the PSR, which specifically referenced § 3663A as the statutory basis for restitution, and in light of the immediate nature of the restitution award, neither the transcript of the sentencing

No. 14-30797

hearing nor the judgment itself reflects an intention to award restitution as a condition of supervised release.

As an alternative argument, the government contends that we may affirm on the ground that the district court's error did not affect Feast's substantial rights because restitution would have been lawful under § 3583(d). However, as we have already explained, we review the legality of a sentence *de novo*, not for plain error. *Nolen*, 472 F.3d at 382 & n.52. By adopting the PSR without correction and by making restitution due immediately, the district court imposed restitution pursuant to § 3663A, not § 3583(d). This was error.

## III.

All that remains for us to determine is the proper disposition. Feast asks us to vacate the restitution award "inasmuch as it was not imposed in a statutorily authorized manner." As we have noted, the district court imposed restitution because it mistakenly believed that § 3663A required it. However, as we have also explained and as Feast concedes, § 3583(d) could serve as a discretionary basis for restitution. Accordingly, we vacate the restitution order and remand for resentencing. *See Nolen*, 472 F.3d at 382 (reversing the district court's restitution order and remanding for resentencing because the district court erroneously relied on § 3663 to award restitution).[4]

## IV.

For the foregoing reasons, we VACATE the district court's restitution order and REMAND for resentencing.

---

[4] Because resentencing is required, we need not determine whether the district court committed plain error by awarding restitution for losses beyond those attributed to Feast's counts of conviction. We note, however, that restitution awards are ordinarily limited to "the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. United States*, 495 U.S. 411, 413 (1990); *see also Nolen*, 472 F.3d at 382 n.53.