**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victor HACKETT, Defendant–
Appellant.**

No. 01–30360.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Filed Nov. 26, 2002.

Jeffry Finer, Finer & Pugsley, Spokane, WA, for the appellant.

Joseph H. Harrington, Assistant United States Attorney, Spokane, WA, for the appellee.

Before REAVLEY,* KOZINSKI, and W. FLETCHER, Circuit Judges.

## OPINION

REAVLEY, Circuit Judge.

Defendant–Appellant Victor Hackett appeals the district court's order of restitution for property damage caused by a fire that resulted from the operation of a methamphetamine laboratory. He argues that the district court erred (1) by applying 21 U.S.C. § 853(q)(3) to order restitution for property damage, and (2) by finding that he directly and proximately caused the loss. We affirm.

### Background

Victor Hackett pleaded guilty to aiding and abetting the manufacture of methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Hackett's co-defendant Shandy Felch rented a home in Spokane, Washington, in which she, her three children, and co-defendant Brady Olds lived. Felch and Olds manufactured metham-

---

* Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

phetamine in the upstairs bedroom of the home. Hackett was a frequent visitor and occasional overnight guest at the residence, and he and Olds purchased or stole items necessary for operation of the clandestine methamphetamine laboratory. The drugs manufactured at the home were consumed by Felch, Olds, and Hackett.

On February 26, 2001, Felch placed a jar of chemicals used to manufacture methamphetamine on a hotplate. The jar exploded and a fire ensued. Although Hackett was not present when the fire started, he had spent the prior evening at the house using methamphetamine. Felch fled the house when the fire began, but she later turned herself in to fire investigators and spoke to agents of the Drug Enforcement Administration.

Hackett and his co-defendants were indicted for endangering human life while illegally manufacturing a controlled substance, in violation of 21 U.S.C. § 858, and conspiracy to do the same, in violation of 21 U.S.C. § 846. Each defendant arrived at a plea agreement with prosecutors. Hackett pleaded guilty to aiding and abetting the manufacture of methamphetamine and was sentenced to 51 months in prison.

As a result of the damage caused by the fire, Farmers Insurance Group paid $47,977.74 to the owner of the house in which the laboratory was located. At sentencing, the district judge ordered that the defendants be jointly and severally liable to Farmers for restitution in this amount.

### Discussion

▮ "A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory frame-work. Factual findings supporting an order of restitution are reviewed for clear error. The legality of an order of restitution is reviewed de novo." *United States v. Stoddard,* 150 F.3d 1140, 1147

(9th Cir.1998) (citations omitted). We thus review the district court's application of 21 U.S.C. § 853(q)(3) de novo, and we review the district court's factual conclusions regarding causation for clear error.

### Mandatory Restitution for Offenses Involving the Manufacture of Methamphetamine

Hackett first contends the district court erred by failing to consider his ability to pay restitution in violation of the discretionary restitution statute. *See* 18 U.S.C. § 3663(a)(1)(B)(i)(II) (2002). The district court could not consider Hackett's ability to pay because 21 U.S.C. § 853(q) mandates restitution for victims of methamphetamine manufacturing offenses:

### Restitution for cleanup of clandestine sites

The court, when sentencing a defendant convicted of an offense ... involving the manufacture of amphetamine or methamphetamine, shall ... order restitution to any person injured as a result of the offense as provided in section 3663A of Title 18.

21 U.S.C. § 853(q)(3) (2002). Hackett argues that the statute is inapplicable to him because a "person injured" must be an individual who suffers physical or mental injury, not a person or entity that suffers financial loss. In support of this contention, Hackett notes that the Mandatory Victims Restitution Act, codified as 18 U.S.C. § 3663A and referenced by 21 U.S.C. § 853(q)(3), provides different measures of loss for offenses resulting in bodily injury and offenses resulting in property damage. *See* 18 U.S.C. § 3663A(b).

▮ We find this argument unpersuasive. "[T]he starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n*

*v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). Absent congressional direction to the contrary, words in statutes are to be construed according to "their ordinary, contemporary, common meaning[s]." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (quoting *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)). In modern legal usage, "injury" is ordinarily synonymous with damage resulting from the violation of a legal right for which the law provides a remedy. *See* BLACK'S LAW DICTIONARY 789 (7th ed.1999); *see also Clark v. City of Lakewood,* 259 F.3d 996, 1006–07 (9th Cir.2001) (interpreting Article III's requirement of an "injury-in-fact" to include loss of business revenue); *Berg v. First State Ins. Co.,* 915 F.2d 460, 464 (9th Cir.1990) (interpreting "injury" as financial loss in the Racketeer Influenced and Corrupt Organizations Act); *Roemer v. Comm'r,* 716 F.2d 693, 697 (9th Cir.1983) ("The ordinary meaning of a personal injury is not limited to a physical one.").

■ For present purposes, the significant language in section 853(q)(3) is "as provided in section 3663A of Title 18." This direction to section 3663A leads to the interpretation that restitution must be ordered in methamphetamine manufacturing cases to victims of both bodily injury and property loss or damage. *See* 18 U.S.C. § 3663A(b). Section 3663A directs that both physical injury and financial loss are compensable, although different calculi are required to determine the amount of restitution owed the victim for different types of losses. This interpretation is reinforced by the fact that section 3663A(b) refers to "bodily injury," while section 853(q)(3) omits the modifier "bodily" and refers simply to "any person injured." *Cf. BFP v. Resolution Trust Corp.,* 511 U.S. 531, 537,

114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) ("[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." (internal quotation marks omitted)).

■ As the district court was required to order Hackett to pay restitution, it was unnecessary for the court to consider Hackett's present or future ability to pay. Further, while the court properly considered financial capacity when scheduling payments, see *United States v. Dubose,* 146 F.3d 1141, 1143–44 (9th Cir.1998), Hackett did not object to the schedule of payments or address the argument in his briefs, thereby waiving the issue. *See United States v. Alexander,* 287 F.3d 811, 817 n. 2 (9th Cir.2002); Fed. R.App. P. 28(a)(9)(A).

## Restitution for Losses Directly Related to the Defendant's Conduct

Hackett also argues that the district court erred by imposing restitution because the loss was not sufficiently related to his offense of conviction. Section 3663A(a)(2) defines a "victim" as "a person directly and proximately harmed" by the offense conduct. 18 U.S.C. § 3663A(a)(2). According to Hackett, aiding and abetting the manufacture of methamphetamine was not a direct and proximate cause of the fire, and thus Farmers Insurance is not a victim of his offense.

■ "[T]he main inquiry for causation in restitution cases [is] whether there was an intervening cause, and, if so, whether this intervening cause was directly related to the offense conduct." *United States v. Meksian,* 170 F.3d 1260, 1263 (9th Cir. 1999). Thus,

the conduct underlying the offense of conviction must have caused a loss for which a court may order restitution....

[A]ny subsequent action that contributes to the loss, such as an intervening cause must be directly related to the defendant's conduct. The causal chain may not extend so far, in terms of the facts or the time span, as to become unreasonable.

*United States v. Gamma Tech Indus., Inc.,* 265 F.3d 917, 928 (9th Cir.2001) (citations omitted).

■■■ Farmers's loss was caused by Felch placing the jar of chemicals used to manufacture methamphetamine on the hot plate. The district court found that Hackett had knowledge and understanding of the scope and structure of the enterprise and of the activities of Felch and Olds. Hackett does not dispute that he helped acquire ingredients used in the manufacturing process. It was not unreasonable for the district court to conclude that Hackett's conduct "created the circumstances under which the harm or loss occurred." *United States v. Spinney,* 795 F.2d 1410, 1417 (9th Cir.1986) (upholding an award of restitution where the defendant, intending only to assault the victim, supplied a weapon to an intoxicated co-conspirator who used it to murder the victim). Hackett procured the supplies, which were used in the manufacturing operation, which resulted in the fire. Although there are multiple links in this causal chain, the district court did not err by finding that Hackett's conduct was directly related to the cause of the fire.

AFFIRMED.