**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Samuel H. SCHURIG, Defendant–**
**Appellant.**

No. 04–30228.

D.C. No. CR–03–00117–a–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided March 21, 2005.

Karen L. Loeffler, USAK–Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Mary C. Geddes, Esq., Rich Curtner, Esq., FPDAK–Federal Public Defender's Office, Anchorage, AK, for Defendant–Appellant.

Before GOODWIN, FERNANDEZ, and GOULD, Circuit Judges.

MEMORANDUM *

Samuel H. Schurig appeals the district court's order that he make restitution to one of his victims, Phyllis Carter. He had obtained a HUD-insured loan on her property and used a large part of the proceeds for himself. He was convicted of making false statements when he obtained the loan. 18 U.S.C. § 1010. We affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ (1) The government asserts that we do not have jurisdiction because in his plea agreement Schurig waived the right to appeal his sentence. The government is wrong. First, in the plea agreement Schurig did not expressly waive his right to appeal a restitution order. *See United States v. Catherine*, 55 F.3d 1462, 1464–65 (9th Cir.1995). Second, even if he did, an order which is not legal under the provisions of the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A (MVRA), can be appealed. *See United States v. Johnston*, 199 F.3d 1015, 1022–23 (9th Cir.1999); *United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir.1999).

■ (2) Schurig asserts that the order under the MVRA was, indeed, illegal because Carter was not a direct victim of his crime. We do not agree. We accept the district court's finding of fact that Carter was not only a victim, but also a vulnerable one. *See United States v. Cordova Barajas*, 360 F.3d 1037, 1042–43 (9th Cir.2004).[1] That being so, it is apparent that Carter's loss was a "direct and proximate result" of Schurig's crime. 18 U.S.C. § 3663A(a)(2). In fact, ultimately, the funds that Schurig obtained came out of Carter's equity in her property, and Schurig obtained title to that property in the same false sale that was required in order for him to acquire the HUD-insured loan. That is, one false representation that he made to obtain the loan was that he was purchasing the very property in question. Another was that he would live there. We have already held that even looser causal connections are not too remote from the crime charged to be a "direct and proximate" result of the crime for which the defendant was convicted. *See United States v. De La Fuente*, 353

F.3d 766, 768, 773 (9th Cir.2003) (where crime was the sending of a threat to injure through the mail, the incidental harm caused when the letter leaked a dangerous looking powder in the post office was a direct and proximate result of the crime); *United States v. Hackett*, 311 F.3d 989, 992–93 (9th Cir.2002) (where crime was aiding and abetting the manufacture of methamphetamine by purchasing, or stealing, items to be used in the manufacture, the burning down of the house where the manufacturing itself took place was a direct and proximate result of the crime); *United States v. Sanga*, 967 F.2d 1332, 1333–34 (9th Cir.1992) (where crime was conspiracy to smuggle an alien, the incidental harms caused when the defendant enslaved and raped the alien were direct and proximate results of the crime). *But cf. United States v. Meksian*, 170 F.3d 1260, 1263 (9th Cir.1999) (where crime was making false statements to obtain a loan, the later decrease in the value of the property for an entirely unrelated reason was not a direct and proximate result of the crime); *United States v. Reed*, 80 F.3d 1419, 1421 (9th Cir.1996) (where crime was illegal possession of a firearm by a felon, sideswiping of a car when the defendant tried to flee was not a direct and proximate result of the crime). Therefore, Schurig's attack on the restitution order fails.

AFFIRMED

---

1. In effect, Schurig asks us to determine that he was not flagitious, or even, really, picaresque, but we see no need to explore that question in light of the fact that the district court has determined that by his actions in his medical doctor role, he made his patient, Carter, a vulnerable victim.