UNITED STATES of America,
Plaintiff—Appellee,

v.

Angel Joel DIAZ–GUERRERO, aka
Alfonso Nunez, Defendant—
Appellant.

No. 04–50109.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided June 1, 2005.

Dorothy Kim, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

Carlton Frederick Gunn, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HALL, WARDLAW, and
PAEZ, Circuit Judges.

## MEMORANDUM *

Angel Joel Diaz–Guerrero appeals his conviction and sentence for being an alien found in the United States following deportation in violation of 8 U.S.C. § 1326. He was sentenced to 77 months in custody and three years of supervised release. Before trial, Diaz–Guerro moved to dismiss the indictment, claiming that he had obtained derivative citizenship of the United States pursuant to 8 U.S.C. § 1432 (1982) through his mother's naturalization. The district court denied the motion, ruling that because this was a factual dispute, and because the government had to prove that Diaz–Guerrero was an alien for purposes of 8 U.S.C. § 1326, Diaz–Guerrero should submit a proposed jury instruction regarding his citizenship. After Diaz–Guerrero submitted the proposed jury instruction, the district court, relying upon *Schneider v. INS*, 65 F.Supp. 377, 380 (W.D.Wash.1946), *aff'd sub nom.*, 161 F.2d 1022 (9th Cir.1947), held that Diaz–Guerrero could not show citizenship as a matter of law, because he had neither legally entered nor was legally residing in the Unit-

---

ed States. The court therefore rejected Diaz–Guerrero's proposed instruction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate Diaz–Guerrero's conviction and remand.

The government and Diaz–Guerrero agree that the 1982 version of 8 U.S.C. § 1432 governs this case; they dispute, however, whether Diaz–Guerrero can show citizenship under this statute.[1] Subsection (5) provides that a child born outside the United States of alien parents may become a citizen if

> such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of naturalization of the parent last naturalized ... or thereafter begins to reside permanently in the United States while under the age of eighteen years. 8 U.S.C. § 1432 (1982).[2]

The proposed jury instruction stated that if Diaz–Guerrero

> was not born in the United States, he acquired U.S. citizenship if both of the following conditions are satisfied:
>
> *First:* The defendant's mother naturalized as a U.S. citizen before the defendant's 18th birthday; and
>
> *Second:* The defendant began permanently residing in the United States after his mother became a U.S. citizen and before his 18th birthday.

If you find the defendant acquired citizenship of the United States, you must vote to acquit.

Relying upon *Schneider* for "the proposition that 'reside permanently' means to reside legally," the district judge rejected Diaz–Guerrero's proposed jury instruction because he did not "see anything in [Diaz–Guerrero's] evidence ... that could support a finding by the jury that [he] ever resided legally in the United States."

"The starting point for interpreting a statute is the language of the statute itself. Absent congressional direction to the contrary, words in statutes are to be construed according to their ordinary, contemporary, common meaning[s]." *United States v. Hackett,* 311 F.3d 989, 991–92 (9th Cir.2002) (internal citations and quotations omitted). The 1982 version of Subsection (5) of the statute was written in the disjunctive. While in the first clause of the subsection Congress limited citizenship to those individuals "residing in the United States pursuant to a lawful admission for permanent residence at the time of naturalization of the parent last naturalized," in the second clause Congress omitted the "lawful admission" language and simply stated that a minor may gain citizenship if he "thereafter begins to reside permanently in the United States while under the age of eighteen years." No legal status is mentioned in this clause. "It is a 'well-established canon of statutory interpretation that the use of different words or

---

1. The government also contests Diaz–Guerrero's other proffered facts, including whether Sara Diaz, whose citizenship papers were before the court, is his mother. However, the government argued that even if all other facts were true, Diaz–Guerrero could not prevail on his derivative citizenship claim, because he could not meet the requirements of clause 5 of 8 U.S.C. § 1432.

2. 8 U.S.C. § 1432 (1982), which contained the language at issue here, was repealed by Act of Oct. 30, 2000, Pub.L. No. 106–395,

Title I, § 103(a), 114 Stat. 1631, and has been replaced by revised statute 8 U.S.C. § 1433, which entirely eliminates the "or thereafter begins to reside permanently" portion of subsection 5. Subsection 5 has now been modified to explicitly make lawful admission a requirement for citizenship. It reads: "The child is temporarily present in the United States pursuant to a lawful admission, and is maintaining such lawful status." 8 U.S.C. § 1433(a)(5).

terms within a statute demonstrates that Congress intended to convey a different meaning for those words,' and [the court] must assume that the difference in usage is legally significant." *Padash v. INS*, 358 F.3d 1161, 1169 n. 7 (9th Cir.2004) (quoting *SEC v. McCarthy*, 322 F.3d 650, 656 (9th Cir.2003)). If Congress intended to limit derivative citizenship to those with a legal status, it could have plainly stated so.

Indeed, the definitions of "permanent" and "residence" that accompany the 1982 statute belie a requirement of legal residency. The definitions state that the "term 'residence' means the place of general abode," and the "term 'permanent' means a relationship of continuing or lasting nature, as distinguished from temporary, but a relationship may be permanent *even though it is one that may be dissolved eventually at the instance ... of the United States.*" 8 U.S.C. § 1101 (emphasis added).

*Schneider* is inapposite. Although the court in *Schneider* discussed the meaning of permanent residence, 65 F.Supp. at 379–80, the naturalization statute examined there was not the same statute at issue in this case, and did not include the disjunctive language giving rise to the interpretation that lawful entry or residence was required by the statute before us. The district court thus erred in relying upon *Schneider*, and in ruling that Diaz–Guerrero was not entitled to his requested jury instruction.

Because we hold that Diaz–Guerrero's conviction must be vacated, we do not reach his arguments regarding sentencing. REVERSED and REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts