NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RODOLFO NICHOLAS
GUTIERREZ, JR.,

Defendant-Appellant.

No. 10-30253

D. C. No. 1:09-cr-00072-RFC-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted August 2, 2011
Seattle, Washington

Before:    SCHROEDER and M. SMITH, Circuit Judges, and FOGEL, District
           Judge**

       Defendant-Appellant Rodolfo Nicholas Gutierrez, Jr., ("Gutierrez") pled

guilty to one count of bank fraud arising from fraudulent activities at his auto

---

       * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       ** The Honorable Jeremy Fogel, United States District Judge for the
Northern District of California, sitting by designation.

       *** The panel unanimously concludes this case suitable for decision
without oral argument.  See Fed. R. App. P. 34(a) (2).

dealership in Billings, Montana. Gutierrez was sentenced to eighty-four months of incarceration followed by five years of supervised release. He also was ordered to pay $705,808.96 in restitution. He appeals his sentence and restitution order.

The district court applied a 2-level enhancement under U.S.S.G. § 2B1.1(b)(10) for the unauthorized and unlawful use of a means of identification to obtain another means of identification based on Gutierrez's use of a customer's signature to obtain a loan for his own benefit. Gutierrez asserts that there was no "unauthorized" transfer or use of a means of identification, because the customer signed the loan application for the purpose of securing payment for the vehicle. It is clear from the record, however, that Gutierrez's use of the loan documents after the customer had paid the full price of the vehicle was unauthorized. The district court's application of the enhancement was consistent with the application notes in the Sentencing Guidelines. *See United States v. Lambert*, 498 F.3d 963, 966 (9th Cir. 2007) ("The Guidelines, including enhancements, are ordinarily applied in light of available commentary, including application notes.").

Gutierrez claims that the district court committed procedural error by failing to address all of the sentencing factors set forth in 18 U.S.C. § 3553(a). However, the record shows that all of the sentencing factors were considered by the district court. Gutierrez also claims that his sentence was substantively unreasonable.

2

Gutierrez's sentence is in the lower half of the applicable guideline range and, therefore, is not substantively unreasonable.

Finally, Gutierrez contests the restitution award of $125,274.59 to Hyundai Finance for expected interest lost as a result of Gutierrez's fraud. Gutierrez contends that Hyundai Finance is not entitled to interest that accrued after it took possession of the dealership's inventory in October 2006 and obtained collateral at least equal to the principal due. However, prejudgment interest may be included in a restitution order. *United States v. Morgan*, 376 F.3d 1002, 1014 (9th Cir. 2004); *see also United States v. Smith*, 944 F.2d 618, 626 (9th Cir. 1991) ("Foregone interest is one aspect of the victim's actual loss, and thus may be part of the victim's compensation."). In a fraudulent loan case, "expected interest that remains unpaid is an actual loss to the lender." *United States v. Davoudi*, 172 F.3d 1130, 1136 (9th Cir. 1999). Although the amount of restitution must be reduced by the value of the returned property "as of the date the property is returned," 18 U.S.C. § 3663(b)(1)(B)(ii), the district court in its discretion may consider the interest expected under the loan arrangement as part of the victim's "actual losses." We cannot say that the district court abused this discretion in awarding Hyundai Finance interest that accrued until the loan was paid in full. *See United States v. Hackett*, 311 F.3d 989, 991 (9th Cir. 2002) ("A restitution order is reviewed for an

3

abuse of discretion, provided that it is within the bounds of the statutory framework.").

**AFFIRMED.**