# United States Court of Appeals

For the Eighth Circuit

_____

No. 14-2612

_____

United States of America

*Plaintiff - Appellee*

v.

Angelo Peter Efthimiatos

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 9, 2015
Filed: February 25, 2015
[Unpublished]

_____

Before BYE, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Angelo Efthimiatos pled guilty to one count of conspiracy to manufacture, distribute, or possess with the intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(C), and 846, and one count of possession with the intent to distribute marijuana in violation of §§ 841(a)(1) and 841(b)(1)(D), for his role in transporting marijuana from California to Connecticut

in an airplane on multiple occasions. The district court[1] sentenced Efthimiatos to 57 months in prison—the bottom of the Guidelines range of 57-71 months. On appeal, Efthimiatos argues that the district court erred in (1) determining the drug quantity attributable to him for the purposes of sentencing, (2) ordering restitution for damage he caused to a rented airplane, and (3) ordering the forfeiture of his two airplanes.

Except for the issue of forfeiture which relates to a mixed question of law and fact, this appeal otherwise raises only fact questions pertaining to the findings made by the district court. On all of the above issues, we affirm the district court both as to the court's findings of fact and its application of its findings to the applicable law in the forfeiture proceedings.[2] There are no complex legal issues raised in this appeal.

## I.    Background

On February 17, 2013, Efthimiatos landed an airplane in Livermore, California, that he had rented from Jack Cooper. The following day, Efthimiatos fueled the plane using several prepaid gift cards he had purchased with his brother, Michael. That same day, surveillance video depicted Efthimiatos and his brother loading several large duffel bags into the plane. Efthimiatos departed the airport in the early morning of February 19 but was ultimately forced to land in Washington, Iowa, due to oil pressure problems.

Law enforcement officials in Iowa investigated the landing and determined that Efthimiatos could not produce documents showing the airworthiness of the plane. Additionally, a dog sniff of the plane resulted in a positive alert indicating the presence of controlled substances.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

[2]We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Law enforcement interviewed Efthimiatos who stated that he believed the duffel bags on the plane contained marijuana or cocaine. He admitted to transporting drugs in flight half a dozen times over the prior year. He also told law enforcement that he had arranged to return to California in April 2013 to retrieve 200 pounds of marijuana and transport it to Connecticut. He expected to net $50,000 for the transport. Following the interview, Efthimiatos consented to a search of the plane, during which law enforcement recovered 55.8 pounds (25.31 kilograms) of marijuana.

On August 22, 2013, a superseding indictment was filed charging Efthimiatos with one count of conspiracy to manufacture, distribute, or possess with the intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(C), and 846, as well as one count of possession with intent to distribute marijuana in violation of §§ 841(a)(1) and 841(b)(1)(D). The Government also sought forfeiture of various property owned by Efthimiatos, including two airplanes. Efthimiatos pled guilty to the charges in December 2013 but contested the forfeiture of the planes. The district court held a hearing and ultimately ordered the forfeiture of the planes over Efthimiatos's objection.

At sentencing, the district court calculated an advisory Guidelines range of 57-71 months based in part on its finding that a drug quantity of 100 to 400 kilograms of marijuana was attributable to Efthimiatos as part of the conspiracy. The district court sentenced Efthimiatos to concurrent sentences of 57 months for each count and ordered restitution in the amount of $5,000 for damage Efthimiatos caused to the plane he had rented from Cooper. Efthimiatos appeals.

## II. Discussion

### A. Drug Quantity Finding

Efthimiatos first argues that the district court clearly erred in attributing 100 to 400 kilograms of marijuana to him at sentencing. "[D]rug quantity and identity determinations are factual findings, which we review for clear error, applying the preponderance-of-the-evidence standard." *United States v. Walker*, 688 F.3d 416, 420 (8th Cir. 2012) (citation omitted) (internal quotation marks omitted).

The district court's drug quantity determination is not clearly erroneous. Efthimiatos admitted to law enforcement that he planned to transport 200 pounds of marijuana from California to Connecticut in April 2013. This admission is persuasive evidence that the 200 pounds of marijuana was a reasonably foreseeable drug quantity within the scope of the conspiracy. *See United States v. Allmon*, 500 F.3d 800, 804 (8th Cir. 2007) ("In a drug conspiracy, a defendant is held responsible for all reasonably foreseeable drug quantities that were within the scope of the criminal activity that he jointly undertook." (citation omitted) (internal quotations marks omitted)). The 200 pounds of marijuana that Efthimiatos planned to transport in addition to the 55 pounds of marijuana that law enforcement recovered in Iowa places the drug quantity within the 100 to 400 kilogram range. Based on the record before us, a preponderance of the evidence supports the district court's drug quantity determination.

### B. Restitution

Efthimiatos next argues that the district court erred by ordering him to pay $5,000 in restitution for damage he caused to the rented plane. Specifically, Efthimiatos argues that the damage was not proximately caused by his criminal conduct as required by the restitution statute, 18 U.S.C. § 3663(a)(2). The district

court concluded that the restitution represented the reasonable approximation of "the damage that was caused by the . . . unscheduled landing" in Iowa and the expected manner in which Efthimiatos transported the marijuana in flight. The district court specifically noted that this damage was "a proximate harm that was suffered as a result of the criminal activity." Whether the evidence establishes proximate cause with respect to restitution is a question of fact reviewed under a clear error standard. *United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007); *United States v. De La Fuente*, 353 F.3d 766, 772 (9th Cir. 2003).

In awarding restitution, the district court relied on the testimony of Jack Cooper regarding the damage to his plane. Cooper testified that grass stains on the bottom of the plane, coupled with the damage to the airframe and one tire, indicated that the plane had undergone "a pretty rough landing." Cooper also testified that an inspection of the plane revealed that pistons in two of the engine chambers had been "burnt" and were not operational. According to Cooper, this damage, in addition to the large amount of oil that Efthimiatos purchased for the trip, suggest that Efthimiatos flew excessive distances which in turn created too much engine heat.

In light of Cooper's testimony, it was not unreasonable for the district court to infer that Efthimiatos flew the plane excessive distances in order to deliver the marijuana as quickly as possible. In this sense, there exists a close nexus between Efthimiatos's conduct of possessing the drugs and his actions that resulted in damage to the plane. Efthimiatos's conduct "created the circumstances under which the harm or loss occurred." *United States v. Hackett*, 311 F.3d 989, 993 (9th Cir. 2002) (citation omitted) (internal quotation marks omitted). The district court determined that damage to the airplane was proximately caused by Efthimiatos's criminal conduct. This conclusion is supported by the record.

C.     Forfeiture of Efthimiatos's Airplanes

Efthimiatos last argues that the district court erred by concluding that his 1980 Beech single-engine airplane (the "single-engine plane") and his 1969 Beech twin-engine airplane (the "twin-engine plane") were forfeitable. "On appeal of a forfeiture order, we review the district court's factual findings for clear error. Whether those facts establish that forfeiture is proper is a mixed question of law and fact that we review *de novo*." *United States v. Hull*, 606 F.3d 524, 526-27 (8th Cir. 2010).

The district court ordered the forfeiture of Efthimiatos's planes under 21 U.S.C. § 853(a)(2), which permits criminal forfeiture of "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of," the crime. The burden is on the government to establish the forfeitability of property by a preponderance of the evidence. *United States v. Bieri*, 21 F.3d 819, 822 (8th Cir. 1994); *see United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011).

With respect to the single-engine plane, the district court concluded that a preponderance of the evidence shows that Efthimiatos used the plane in October 2012 for drug trafficking. In so ruling, the district court relied on the following facts:

> Evidence introduced during the forfeiture hearing showed Defendant purchased the single engine plane on September 28, 2012, using $38,000 in cash. This purchase occurred immediately before Defendant's admitted October 2012 drug trip. Flight records show the newly purchased single engine plane was flown to California in October 2012. During the same week Defendant flew his plane to California, his co-conspirator brother, Michael Efthimiatos, who resides in Connecticut, was also in a nearby California city. Michael Efthimiatos was involved with Defendant in Defendant's drug activities.

-6-

(May 5, 2014 Prelim. Forf. Order, p. 5-6) (citations and footnote omitted). Those facts, which are not challenged by Efthimiatos, are sufficient to establish by a preponderance of the evidence that Efthimiatos used his single-engine plane in October of 2012 to transport drugs from California to the East Coast. Accordingly, we affirm the district court's forfeiture of the single-engine plane.

With respect to the twin-engine plane, the district court determined that Efthimiatos used a different plane each time he transported drugs via flight, wanted to obtain a more efficient plane to transport drugs, admitted that he planned to transport 200 pounds of marijuana in April 2013, and told Cooper that he no longer needed to rent Cooper's plane once the twin-engine plane was airworthy. Those facts indicate that Efthimiatos intended to use the twin-engine plane for future drug trafficking as found by the district court. Given these findings, the district court's conclusion of forfeitability was not erroneous.

## III.   Conclusion

Accordingly, we affirm on all issues.

_____