**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30136 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00022-DLC |
| v. | |
| ALISON LEE GENDREAU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted September 15, 2023[**]
Seattle, Washington

Before: W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

Defendant Alison Lee Gendreau pleaded guilty to five counts of violating 18

U.S.C. § 1343. Gendreau was the accounting manager of the Yellowstone Harley-

Davidson franchise in Belgrade, Montana. Gendreau admitted both to the owners

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the Harley-Davidson franchise and a sheriff's deputy that she had been embezzling money. She was subsequently indicted on five counts of wire fraud in an amount totaling $13,095.56. Gendreau pled guilty. At sentencing, the government sought restitution under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, for the full amount that the Harley-Davidson franchise owners testified was missing. Gendreau argued both that the government could only recover restitution for the amount listed in the indictment and that she embezzled only from the payroll account. The district court found by a preponderance of the evidence that Gendreau had stolen $306,419.72 and awarded that amount in restitution. Gendreau timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. "[T]he legality of a restitution order" is reviewed de novo. *United States v. Peterson*, 538 F.3d 1064, 1074 (9th Cir. 2008). If the restitution order "is within the bounds of the statutory frame-work" the order "is reviewed for an abuse of discretion." *United States v. Hackett*, 311 F.3d 989, 991 (9th Cir. 2002) (internal quotation marks omitted). "Factual findings supporting an order of restitution are reviewed for clear error." *Id.*

Gendreau argues that the MVRA permits restitution only up to the amount set forth in the indictment to which she pleaded guilty. We have squarely held that

2

the MVRA permits restitution for "an entire scheme, including uncharged conduct." *United States v. Grice*, 319 F.3d 1174, 1177–78 (9th Cir. 2003) (per curiam); *accord In re Her Majesty the Queen in Right of Can.*, 785 F.3d 1273, 1276 (9th Cir. 2015) (per curiam).

Gendreau argues that this application of the MVRA violates the Fifth Amendment's Grand Jury Clause because only five wire transactions were charged in the indictment. However, wire fraud requires the government to prove "a scheme to defraud." *United States v. Hussain*, 972 F.3d 1138, 1143 (9th Cir. 2020) (internal quotation marks omitted). As a result, "the fraudulent scheme as a whole" is "part of the charged offense" of wire fraud. *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).

Gendreau also contends that she had a right to a jury trial on the amount of restitution. Our precedent forecloses this argument. *See, e.g., United States v. Dadyan*, 76 F.4th 955, 961 (9th Cir. 2023) (collecting cases).

Finally, Gendreau argues that there was inadequate proof that she skimmed cash. We find no clear error in the district court's findings of fact. The Harley-Davidson franchise's owners provided detailed accounting that revealed significant amounts of cash missing. Gendreau also admitted to a sheriff's deputy that she

3

skimmed cash.  There were no further discrepancies in the company's accounts after Gendreau was fired.

**AFFIRMED.**