NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

SEP 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1146 |
| Plaintiff - Appellee, | D.C. No. 4:21-cr-00200-YGR-1 |
| v. | |
| WILLIAM EUGENE MULLIGAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted September 9, 2024[**]
San Francisco, California

Before: GOULD and BUMATAY, Circuit Judges, and SEABRIGHT, District Judge.[***]

William Eugene Mulligan appeals his conviction of two counts of attempted

bank robbery and two counts of completed bank robbery, in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

§ 2113(a), along with the district court's restitution order against him. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err by denying Mulligan's two suppression motions. We review denial of a motion to suppress de novo and underlying factual findings for clear error. *United States v. Vandergroen*, 964 F.3d 876, 879 (9th Cir. 2020); *see also United States v. Ruckes*, 586 F.3d 713, 716 (9th Cir. 2019). Evidence from Mulligan's wallet and car was properly admitted. First, Mulligan's identification by his former probation officer, the method of the robberies, and the similar appearance of his clothing and vehicle all provided probable cause for the two arrest warrants. Second, the exclusionary rule does not apply because Mulligan's wallet inevitably would have been searched at the county jail under the jail's booking policy. Finally, the community caretaking doctrine permitted the warrantless seizure of Mulligan's car because the decision to tow the car comported with standardized police procedures and was done to promote the flow of traffic. *See United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). And the two-month retention of the car was not improper because Mulligan never objected while in custody to the retention of the car, nor did he ask police to return it to his home or request to have someone pick it up. *See United States v. Sullivan*, 797 F.3d 623, 633–34 (9th Cir. 2015).

2. Mulligan challenges the sufficiency of the evidence of intimidation to support a conviction. We review de novo. *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1224 (9th Cir. 2007). The jury watched surveillance footage of Mulligan robbing or attempting to rob banks, saw his demand notes, and heard testimony from tellers, including one who quit her job "because of the fear of getting robbed again." Other tellers testified about their feelings of panic, shock, and fear. A jury finding of intimidation does not require that all tellers encountered during a bank robbery spree be scared. Viewing the evidence in the light most favorable to the government, a rational juror could find that Mulligan intended his actions to intimidate an ordinary person. *See United States v. Alsop*, 479 F.2d 65, 67 (9th Cir. 1973).

3. The district court did not err in its jury instructions. We review de novo "whether the district court's jury instructions misstated or omitted an element of the charged offense." *United States v. Bachmeier*, 8 F.4th 1059, 1063 (9th Cir. 2021) (citation omitted). Mulligan's argument that the second sentence of the jury instruction on intimidation "misstated the law and impermissibly intruded on jury deliberation" is meritless. The instruction accurately stated the law that express threats of bodily harm, threatening body motions, or the physical possibility of a concealed weapon are not required to establish intimidation. *See United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983). And the instruction did not intrude on jury deliberations because, rather than indicating that any particular facts were

determinative, the district court's instructions informed the jury of what facts were *not* necessary to establish intimidation. In any event, even if we found that the district court erred in its intimidation instruction, any error was harmless beyond a reasonable doubt because there was "strong and convincing evidence that the jury would have reached the same result even if it had been properly instructed." *United States v. Lucero*, 989 F.3d 1088, 1100 (9th Cir. 2021) (simplified).

4. The district court did not abuse its discretion by denying Mulligan's request to waive interest on restitution. We review restitution orders for abuse of discretion, factual findings supporting those orders for clear error, and the legality of the order de novo. *United States v. Hackett*, 311 F.3d 989, 991 (9th Cir. 2002). Because the district court was not required to explain its reasoning for denying Mulligan's restitution-interest waiver request, and because its decision was consistent with the wide discretion granted by statute, the district court did not abuse its discretion. *See* 18 U.S.C. § 3612(f) (stating that the defendant "shall" pay interest on any fine or restitution exceeding $2,500 and explaining a district court "may" waive interest if it "determines that the defendant does not have the ability to pay interest").

**AFFIRMED.**